### SIGAL v. FRANK E. HATCH CO.

(Supreme Court, Appellate Term. December 24, 1908.)

SALES (§ 479*) — CONDITIONAL SALES — RETAKING BY VENDOR—ACT NOT CONSTITUTING—"TAKING BY THE SELLER."

The taking of property sold upon condition by a marshal in replevin at the suit of the seller was not a "taking by the seller," within Lien Law (Laws 1897, p. 541, c. 418) § 116, requiring a seller on condition to retain the property for 30 days on retaking it, to enable the buyer to comply with the contract; the taking by the marshal placing the property in custodia legis.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 479.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Sigal against the Frank E. Hatch Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

James S. Lehmaier, for appellant.

Abram S. Jaffer, for respondent.

HENDRICK, J. The sole question to be determined is whether the taking of the property by the marshal in replevin at the suit of

the defendant, the vendor, on the 10th day of December, 1907, was a taking by the vendor, within the meaning of section 116 of the lien law (Laws 1897, p. 541, c. 418). If it was, it clearly establishes the plaintiff's right to recover the amount paid on his conditional contract. If it was not such a taking, and the actual taking dated from the time of the entry of judgment in the replevin suit, February 13, 1908, there was a strict compliance with the statute in the manner in which the property was subsequently sold.

The taking by the marshal was not a taking by the defendant. The marshal was an officer of the court, executing a writ issued out of the court. His taking placed the property in custodia legis, and not in the custody of the vendor, who had given a bond for the return of the property in the event of a judgment against him. Milliken v. Selye, 6 Hill, 623; First National Bank of Oswego v. Dunn, 97 N. Y. 149, 49 Am. Rep. 517; Hagan v. Lucas, 10 Pet. 404, 9 L. Ed. 470; Commerce Nat. Ex. Bank v. Blye, 123 N. Y. 132, 25 N. E. 208; McCarthy v. Ackerman, 154 N. Y. 565, 49 N. E. 153. In Roach v. Curtis, 191 N. Y. 387, 84 N. E. 283, relied upon by the respondent, the vendors had sued in replevin, and "had obtained possession of the property by virtue of the execution issued on the judgment in the replevin suit," and they then retained such possession beyond the time limited. In the case at bar the taking by the marshal was merely to hold the property pending the final judgment determining the rights of the parties, and the defendant's possession dated from that time. The vendor could not sell and deliver pending such custody. It was only when the judgment of the court established its title to the property that defendant's possession began, and the sale on the 1st day of April, 1908, after due notice, was a compliance with the provisions of the statute.

Judgment reversed, and the complaint dismissed, with costs. All concur. .