(83 Misc. Rep. 39.)

### GRUENEBERG v. SCHOL.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—LIEN.

Under Municipal Court Act (Laws 1902, c. 580) § 139, which refers to "a hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum," and provides, for the purpose of this section, a written instrument "as above stated shall be deemed a lien," the seller may foreclose a lien, though the contract of sale provided that title should remain in him until full payment of the price.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

2. SALES (§ 315*)—FORECLOSURE OF LIEN—ACTIONS—ADMISSION OF EVIDENCE.

Since a purchaser, upon discovering fraud in making a sale, could rescind and recover back the price paid, he could, in the seller's action to foreclose his lien, show that after discovering the fraud the seller, in

---

consideration of the purchaser's retention of the goods under the contract, agreed to repair or replace the same, and failed to do so.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 885–889; Dec. Dig. § 315.*]

Appeal from Municipal Court, Borough of Manhattan, Second District..

Action by William Grueneberg against William G. Schol. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Jetmore & Jetmore, of New York City (De Forest Jetmore, of New York City, of counsel), for appellant.

Henry Silverman, of New York City, for respondent.

PAGE, J. The plaintiff sold a piano to the defendant under an agreement whereby the defendant was to pay monthly installments as rental until $1,500 was paid, at which time title to the piano should pass to the defendant. This action was brought under section 139 of the Municipal Court Act (Laws 1902, c. 580) to foreclose the plaintiff's lien upon the piano for installments of the purchase money or rental then due and unpaid.

[1] The appellant claims that, because the agreement under which he held the piano provided that title should remain in the plaintiff until full payment of the purchase price, and because the plaintiff could not properly have a lien upon his own property, no action to foreclose a lien would lie. There is no merit in this contention. Section 139 of the act expressly refers to "a hiring of personal property, where title is not to vest in the person hiring until payment of a certain sum," and states:

"For the purpose of this section an instrument in writing as above stated shall be deemed a lien upon a chattel."

This language is explicit, and the section clearly confers the remedy here adopted by the plaintiff, to the exclusion of all others in the Municipal Court.

[2] There is another ground, however, upon which the judgment must be reversed. The appellant set forth in his bill of particulars that the contract of sale was induced by fraudulent representations of the plaintiff's agents, and that upon discovering the fraud the defendant offered to return the piano upon receipt of the $100 deposit which he had paid, and that thereupon the plaintiff agreed to repair the piano and put it in first-class working order, or replace it with a new one, if the defendant would continue to pay his installments; that the defendant thereafter paid $400 more upon the piano, but the plaintiff failed to fulfill the agreement, to the damage of the defendant in the sum of $400. At the trial the defendant gave evidence of representations made by the plaintiff's agent before the sale that the piano was new and in good working order, and would run for a long time with-

out repairing. After the piano had been run for only a few hours, it became out of order, and thereupon the defendant told the plaintiff to take it back and refused to pay any more money on it, whereupon the plaintiff said he would repair the piano, or replace it with a new piano, if the defendant would continue to pay his installments.

This evidence was stricken out and refused by the learned trial justice, upon the ground that the defendant's only remedy was to return the piano. This was clearly error. At the time of the discovery of the fraud the defendant had a right to rescind the contract and recover back the money he had paid. The defendant was entitled to prove that, in consideration of his retaining the piano and continuing under the contract, the plaintiff then agreed to repair or replace it, and failed to do so, to the defendant's damage. Issues of fact were raised as to whether there was fraud in the original contract, and whether the new contract was made and breached, and the evidence offered by the defendant upon these issues should have been received.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.