4. EXECUTORS AND ADMINISTRATORS (§ 469*)—PARTNERSHIP—DISSOLUTION AND ACCOUNTING—JURISDICTION OF SURROGATE.

In a proceeding for the judicial settlement of executors' accounts, a reference by them in their account to unliquidated assets of a partnership, including a stock exchange seat, did not submit the firm liquidation to the surrogate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2000–2009, 2012, 2013; Dec. Dig. § 469.*]

Appeal from Surrogate's Court, Kings County.

Proceeding for the judicial settlement of the account of Joseph J. Hearns and another, as executors of Stewart Barr, deceased. From the decree, the executors, individually and as such executors, and another, appeal. Reversed in part.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

William H. Harris, of New York City, for executors.
Alexander S. Bacon, of New York City, for objector.

PER CURIAM. [1-4] Decree of the surrogate of Kings county. reversed in so far as it purports to deal with the membership in the New York Stock Exchange, with costs to appellants, payable out of the estate. Though standing in the testator's name, this membership, having been purchased with firm funds, and so carried on the firm books, was copartnership property. The testamentary provision to sell and dispose of this seat was merely a direction to facilitate liquidation by the surviving partner, and did not change the equitable title. Hence the disposition of the seat, and the value to be realized therefrom, are part of the general liquidation of the firm assets and liabilities, which are not within the jurisdiction of the Surrogate. The reference by the executors in this proceeding to unliquidated assets of the copartnership contained in Schedule F, wherein this membership is enumerated, did not submit to the surrogate the firm liquidation. This modification, however, is without prejudice to any suit against the surviving partner for a firm accounting or otherwise.

(85 Misc. Rep. 357)

QUATTRONE v. SIMON.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

1. SALES (§ 452*)—CONDITIONAL SALES—REMEDIES OF SELLER—FORECLOSURE OF LIEN BY ACTION.

Municipal Court Act (Laws 1902, c. 580) § 139, authorizing the foreclosure of conditional sale liens by action and judicial sale of the property, does not contravene public policy, nor is it in conflict with the Personal Property Law (Consol. Laws, c. 41) § 65, providing that the failure of a seller to retain property so sold for 30 days after retaking and to sell it at public auction thereafter shall render him liable to the buyer for the purchase money paid; a seizure and sale by the marshal in such an action not being a retaking by the seller within the Personal Property Law.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1322; Dec. Dig § 452.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CONSTITUTIONAL LAW (§ 249*)—EQUAL PROTECTION OF LAWS—CIVIL REME-
DIES AND PROCEEDINGS.

    Municipal Court Act (Laws 1902, c. 580) § 139, authorizing the fore-
closure of conditional sale liens by action, does not deprive any citizen of
the equal protection of the laws, because the remedy is confined to the
city of New York, as all within the territorial limits are treated alike,
and the Legislature has the power to establish different systems of courts
with different procedure in different localities.

    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 710;
Dec. Dig. § 249.*]

Appeal from City Court of New York, Trial Term.

Action by Angelo Quattrone against Morris Simon. From a judg-
ment for defendant (82 Misc. Rep. 610, 144 N. Y. Supp. 1094), plain-
tiff appeals. Affirmed.

Argued April term, 1914, before GUY, PAGE, and WHITA-
KER, JJ.

Joseph Pascocello, of New York City (Thomas B. Bresnahan, of
New York City, of counsel), for appellant.

Hamilton Anderson, of New York City, for respondent.

PAGE, J. [1] The action is brought by the plaintiff, pursuant to
section 65 of the Personal Property Law (Consol. Laws, c. 41), to re-
cover $285, paid by him to the defendant toward the purchase price
of pool tables sold to him by the defendant upon a contract of con-
ditional sale, whereby title remained in the vendor until payment of
the full purchase price. Section 65 of the Personal Property Law
provides that upon such sales, where the property is "retaken by the
vendor or his successor in interest," it must be held for 30 days from
the time of such retaking, during which time the vendee has the right
to comply with the broken terms of his contract, and after the ex-
piration of the said period the vendor must sell the property at pub-
lic auction, and unless so sold within 30 days from the expiration of
the said period the vendee may recover from the vendor or his suc-
cessor the amount paid by him on account of the purchase price.

· The defendant, vendor of the chattels, instead of retaking them,
brought an action in the Municipal Court, under section 139 of the
Municipal Court Act (Laws 1902, c. 580), to foreclose a lien upon the
chattels. A warrant of seizure was granted in the action, pursuant
to which the property was taken into the custody of the marshal, and
after a trial and judgment for the vendor the property was sold by
the marshal, and the proceeds credited upon execution of the judg-
ment.

The appellant contends that section 139 of the Municipal Court Act
is in conflict with section 65 of the Personal Property Law, and de-
prives the vendee of his rights under that statute. I am unable, how-
ever, to concur in that view. Section 65 of the Personal Property
Law relates only to a state of facts wherein the property which is
the subject of a conditional sale has been retaken by the vendor or
his successor and has actually come into his possession. In case of a
seizure by the marshal and a sale in execution upon a judgment, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

property is not retaken by the vendor, and never comes into his possession, either actual or constructive. Sigal v. Hatch Co., 61 Misc. Rep. 332, 113 N. Y. Supp. 818, and cases therein cited. The terms of section 139 of the Municipal Court Act are therefore not in themselves conflicting with those of section 65 of the Personal Property Law, nor is the remedy provided by the Municipal Court Act in any sense inconsistent with the rights of the vendee under the statute. Section 65 of the Personal Property Law is designed to protect the vendee from the arbitrary action of the vendor in retaking the property without legal process and disposing of it without giving the vendee an opportunity to redeem it or without allowing him any credit for the actual value of the chattel and the amount he has already paid upon it. In an action under section 139 of the Municipal Court Act, however, the property remains in the custody of the law until after the rights of the parties to it are determined in court, whereupon it is sold at a judicial sale and the lien of the vendor is satisfied. The rights of all parties are thus at all times fully protected. Though the remedy allowed by the Municipal Court Act is anomalous in theory, it is given in such explicit language that it is susceptible of only one interpretation. Grueneberg v. Schol, 83 Misc. Rep. 39, 144 N. Y. Supp. 748. I am of the opinion that it neither contravenes public policy nor deprives the vendee of any of his rights under the law.

[2] There is no force in the contention that, because residents within the jurisdiction of the Municipal Court of the City of New York are given a remedy in those courts which does not exist in other parts of the state, the equal protection of the laws is denied to any citizen. All within the territorial limits are treated alike. "Legislation which, in carrying out a public policy, is limited in its application, if within the sphere of its operation it affects alike all persons similarly situated, is not within the [fourteenth] amendment." Barbier v. Connolly, 113 U. S. 27, 32, 5 Sup. Ct. 357, 28 L. Ed. 923. And as respects the administration of justice the Legislature may establish one system of courts for one locality and another system for another locality, with different systems·of procedure, without violating the amendment. Missouri v. Lewis, 101 U. S. 22, 25 L. Ed. 989; Hayes v. Missouri, 120 U. S. 68, 71, 7 Sup. Ct. 350, 30 L. Ed. 578. The residents of the state who are subject to the jurisdiction of the Municipal Court are not deprived of the benefit of section 65 of the Personal Property Law. If the vendor retakes the property, the provisions of that section apply to the transaction within the city of New York as elsewhere. There is, however, a further remedy given, which the Legislature in its wisdom has seen fit to apply to those transactions within the city of New York, which it has not deemed wise to give to other localities. This is clearly within its powers.·

The judgment should be affirmed, with costs. All concur.