(163 App. Div. 47)

## CRUMP v. WISSNER.

(Supreme Court, Appellate Division, Second Department. June 26, 1914.)

1. SALES (§ 479*)—CONDITIONAL SALES—SELLER'S LIEN—FORECLOSURE—REDEMPTION—STATUTES—"RETAKING BY VENDOR."

Where proceedings were instituted by a conditional seller of personal property to foreclose his lien in the method prescribed by Municipal Court Act (Laws 1902, c. 580) § 139, and the property was seized by a marshal, and after the recovery of judgment by the vendor was sold under an execution, such seizure did not constitute a "retaking by the vendor," within Personal Property Law (Consol. Laws, c. 41) §§ 65–67, providing for a foreclosure of the seller's lien without action, which provision did not apply to a foreclosure of the lien under the Municipal Court Act; and hence the vendee was not entitled to 30 days within which to redeem after sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434–1438; Dec. Dig. § 479.*]

2. SALES (§ 479*)—CONDITIONAL SALE—REMEDIES.

The remedy for foreclosure of the lien of a conditional seller by action as prescribed by Municipal Court Act (Laws 1902, c. 580) § 139, does not conflict with that prescribed by Personal Property Law (Consol. Laws, c. 41) §§ 65–67, authorizing a foreclosure of the lien by sale without action.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434–1438; Dec. Dig. § 479.*]

Appeal from Special Term, Kings County.

Action by Lena Crump against Otto Wissner. From an order denying plaintiff's motion for judgment on the pleadings, she appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUT-
NAM, JJ.

Joseph F. Conran, of Brooklyn, for appellant.
Benjamin C. Ribman, of Brooklyn, for respondent.

PER CURIAM.  [1] The present defendant, Wissner, was a con-
ditional vendor, who, after default, took proceedings to foreclose his
lien under the Municipal Court Act, § 139.  Under a warrant of seiz-
ure in that proceeding, the chattel was taken and held by a city mar-
shal.  A judgment was recovered after personal service on the vendee,
Lena Crump, in favor of the vendor, and the chattel was sold by
execution sale.  Nevertheless the vendee founds this suit in the Su-
preme Court, upon sections 65, 66, and 67 of the Personal Property
Law (Consolidated Laws, c. 41), providing for a period of redemp-
tion, and within 30 days thereafter an auction sale, where the property
is "retaken by the vendor, or his successor in interest."  Such a mar-
shal's seizure in a foreclosure proceeding is not a retaking by the ven-
dor, as the chattel is and remains in the custody of the law.

[2] This remedy under the Municipal Court Act does not conflict
with the terms of the Personal Property Law, which applies to the
vendor's retaking without legal process.  Sigal v. Hatch Co., 61 Misc.
332, 113 N. Y. Supp. 818; Quattrone v. Simon (Sup.) 147 N. Y. Supp.
448.  The saving clauses in Municipal Court Act, § 142, which declare
that this title shall not affect existing rights to foreclose a lien with-
out action, and "does not apply to a case, where another mode of en-
forcing a lien upon a chattel is specially prescribed by law," have been
well considered by Justice Bogenschutz, in an opinion in Boyd v.
Wissner, 149 N. Y. Supp. 85, in the Municipal Court of the City of
New York in February, 1914, from which we quote:

"Under the first part of this section it is manifest that the framers had
in mind all special provisions of law concerning the method of asserting and
enforcing liens on personal property without action therefor, such as artisans'
liens, vendors' liens on sales of personal property, warehousemen's liens, inn-
keepers, etc., as well as such others where there is a retaking of possession
of property by the vendor, the title of which is vested conditionally in the
vendee, and it be retaken with the object of regaining possession thereof by
action or otherwise with a view to private disposition thereof.  Under the
latter part of this section it will be observed that it was intended not to
interfere with or change any existing method, specially prescribed by law,
for the foreclosure of liens by action such as result in a final determination
of the status of the parties by a judgment—that is, in effect an equitable
judgment which makes a disposition of the property under the law's process,
as distinguishable from a form of action and judgment therein which has
as its only objective the possession of the property, with a personal right
of private disposition thereof, as was the situation in the cases of Roach v.
Curtis, 191 N. Y. 387 [84 N. E. 283];  Crowe v. Liquid Carb. Co., 208 N. Y.
396 [102 N. E. 573].  A fair and reasonable construction of sections 65, 66,
and 67 of the Personal Property Law will indicate that it was not intended
to include a retaking in the sense of a seizure by levy under an execution
issued upon a judgment in rem.  If it had been so intended, it could have
been stated in some clear language.  A reference to sections 66 and 67 will
clearly indicate that all that was contemplated was a retaking in an attempt
to enforce a lien in a manner and under circumstances which would avoid
or prevent a public sale with notice and opportunity for redemption.  In
other words, to afford the conditional vendee equitable protection from harsh

contracts, affording reasonable notice of time and place of a public sale, and preventing the many subterfuges which invest sales of such chattels, at a private sale."

The order appealed from is therefore affirmed, with $10 costs and disbursements.