SPITALERI v. BROWN.

(Supreme Court, Appellate Division, Second Department. July 31, 1914.)

SALES (§ 479*)—CONDITIONAL SALE—FORECLOSURE OF SELLER'S LIEN—"RE-
TAKING"—LIABILITY FOR WRONGFUL SALE.

Replevin of property conditionally sold could not constitute a "retaking by the vendor," within Personal Property Law (Consol. Laws, c. 41) §§ 65-67, providing for a foreclosure of the seller's lien without action, until after final judgment awarding him possession; and hence a sale of the property by him during the pendency of the replevin suit was in violation of the provision of such statute, which requires that the property shall not be sold within 30 days after it is retaken, and rendered the seller liable to the buyer for the amount paid under the conditional sale contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418-1432, 1434-1438; Dec. Dig. § 479.*]

Appeal from Trial Term, Westchester County.

Action by Joseph Spitaleri against Charles F. Brown. From judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

William R. Condit, of White Plains (Earl P. Hite, of White Plains, on the brief), for appellant.

Thomas Holden, Jr., of White Plains, for respondent.

STAPLETON, J. The defendant sold and delivered to the plaintiff and two others an automobile truck on the 21st day of October, 1912, upon condition that the title thereto was to remain in the vendor until the payment of the purchase price. The price was $1,290. It was payable in installments: $400 in cash upon the delivery of the automobile, and payments of $50 on the 1st day of each month, beginning the 1st day of November, 1912. The vendees paid the $400, and made seasonable payments of the first three monthly installments. No further sum was paid. A default was made in the payment of the installment due the 1st day of February, 1913. On the 24th day of February, 1913, the vendor commenced an action against the vendees for the recovery of the chattel. The sheriff, on the same day, replevied the chattel by taking it into his possession. In the action of replevin the defendants were served with the summons and complaint, and also with copies of the affidavit, requisition, and undertaking. They did not except to the plaintiff's sureties nor reclaim the chattel within the time prescribed for those purposes. The sheriff thereafter, and on the 28th day of February, 1913, delivered the chattel to the plaintiff in that action. The defendants in that action appeared, but defaulted in pleading. Judgment by default was entered against them on the 8th day of May, 1913, and on the same day notice of entry thereof was served upon them.

During the pendency of the action of replevin, and on the 28th day of March, 1913, the plaintiff in that action and the vendor in the contract of sale upon condition caused to be personally served

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the vendees, the defendants in that action, a written notice of sale containing the statements required by section 66 of the Personal Property Law (chapter 45, Laws of 1909, constituting chapter 41 of the Consolidated Laws). On the 28th day of April, 1913, at the time and place specified in the notice, the plaintiff caused the automobile to be sold at public auction. The respondent here, one of the vendees, was present at the sale. The automobile was sold to the appellant here, the vendor, for the sum of $475; that being the highest sum bid, and he being the highest bidder. The amount was insufficient to cover the unpaid installments. There was, of course, no sale after the entry of the judgment in the action to recover the chattel, and more than 60 days elapsed after the possession of the chattel had been awarded to the vendor and plaintiff in that action. Before the commencement of this action, the other vendees assigned all their right, title, and interest in the chattel to the plaintiff.

The vendor purported to act pursuant to the following provisions of the Personal Property Law (ut supra):

"Sec. 65. Sale of Property Retaken by Vendor. Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking, and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof.

"Sec. 66. Notice of Sale. Not less than fifteen days before such sale, a printed or written notice shall be served personally upon the vendee, or his successor in interest, if he is within the county where the sale is to be held; and if not within such county, or he cannot be found therein, such notice must be mailed to him at his last known place of residence. Such notice shall state: (1) The terms of the contract. (2) The amount unpaid thereon. (3) The amount of expenses of storage. (4) The time and place of the sale, unless such amounts are sooner paid.

"Sec. 67. Disposition of Proceeds. Of the proceeds of such sale, the vendor or his successor in interest may retain the amount due upon his contract, and the expenses of storage and of sale; the balance thereof shall be held by the vendor or his successor in interest, subject to the demand of the vendee or his successor in interest, and a notice that such balance is so held shall be ·served personally or by mail upon the vendee or his successor in interest. If such balance is not called for within thirty days from the time of sale, it shall be deposited with the treasurer or chamberlain of the city or village, or the supervisor of the town where such sale was held, and there shall be filed therewith a copy of the notice served upon the vendee or his successor in interest and a verified statement of the amount unpaid upon the contract, expenses of storage and of sale and the amount of such balance. The officer with whom such balance was deposited shall credit the vendee or his successor in interest with the amount thereof and pay the same to him on demand after sufficient proof of identity. If such balance remains in possession of such officer for a period of five years, unclaimed by the person legally entitled thereto, it shall be transferred to the funds of the town, village or city, and be applied and used as other moneys belonging to such town, village or city."

The plaintiff brought his action, as we understand it, upon a theory which involves the following propositions:

(1) That the chattel was not "retaken by the vendor," within the meaning of those words as used in section 65 of the Personal Property Law (ut supra), until the final judgment awarding him possession in the action to recover the chattel, and that it was, during the pendency of that action, in custodia legis.

(2) That a sale before that time was premature; the statute requiring the vendor to retain the chattel for a period of 30 days after retaking it, for the purpose of giving the vendee, during that period, an opportunity to comply with the condition, and to recover the property in the event of his compliance.

(3) That it is only after the expiration of the 30-day period, as so interpreted, and noncompliance with the terms by the vendee, that the vendor may cause the chattel to be sold at public auction.

(4) That when the chattel is thus retaken and thus retained, and the terms of the contract are not complied with by the vendee, the vendor is absolutely obliged by statute to cause the chattel to be sold within 30 days after the expiration of the 30-day period allowed the vendee for compliance with the terms of the contract, and that a failure to discharge the statutory duty establishes the liability of the vendor to the vendee or his successor in interest for the amount paid on the chattel by the vendee under the contract for the conditional sale thereof.

The facts as we have stated them having been conceded, the trial court directed a verdict for the plaintiff for the amount paid upon the automobile by the vendees. It is from the judgment entered upon that verdict that the appeal is taken.

If the statute is disobeyed, an action is maintainable, and the damages are fixed by statute at the amount paid by the vendee. Crowe v. Liquid Carbonic Co., 208 N. Y. 396, 102 N. E. 573.

The chattel was in custodia legis during the pendency of the action to recover it, and it was not retaken by the vendor until it was awarded to him by the final judgment in that action. Milliken v. Selye, 6 Hill, 623; First Nat. Bk. of Oswego v. Dunn, 97 N. Y. 149, 49 Am. Rep. 517; Sigal v. Hatch Co., 61 Misc. Rep. 332, 113 N. Y. Supp. 818. See Crump v. Wissner, 148 N. Y. Supp. 401, decided June 26, 1914.

The defendant, having failed to perform the obligation imposed upon him by the provisions of the Personal Property Law (ut supra), must suffer the liability it prescribes for such failure.

I advise affirmance of the judgment, with costs. All concur.