(92 Misc. Rep. 198)

## WEST PUB. CO. v. GLUCK.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

1. APPEAL AND ERROR ☞1195—EFFECT OF DECISION IN LOWER COURT—LAW OF THE CASE.
   · A complaint in a conditional sale foreclosure disclosed the nondelivery of part of the property sold. A judgment overruling a demurrer to the complaint on that same ground had been affirmed. *Held,* that the affirmance was conclusive against the objection on a motion to dismiss.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. ☞1195.]

2. TRIAL ☞109—DIRECTING VERDICT—GROUNDS.
   Verdict should not be directed upon statements made in unreported argument of counsel.
   . [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. ☞109.]

3. SALES ☞481—CONDITIONAL SALE—SEIZURE ON EXECUTION.
   Where property sold under a conditional sale is seized on an execution under a judgment for the seller for the price, the retaking is not a retaking by the seller, which entitles the buyer to recover payments made, for the property is in the custody of the law.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ☞481.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the West Publishing Company against Maurice B. Gluck. Judgment for defendant, and plaintiff appeals. Reversed.

See, also, 152 N. Y. Supp. 1149.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Watson & Kristeller, of New York City (Robert S. Kristeller, of New York City, of counsel), for appellant.

Maurice B. Gluck, of New York City, pro se.

PAGE, J. The action was for the foreclosure of a "lien" upon a conditional sales agreement. At the conclusion of the plaintiff's case, defendant moved to dismiss the complaint. In the course of the argument, as appears from a statement of the justice's conclusions, inserted in the record, but not a part of the stenographer's minutes, the defendant's counsel made certain statements of facts which were conceded by the counsel for the plaintiff. Upon these the trial judge dismissed the complaint, and directed a verdict for the defendant· for the amount paid by the defendant on account of the books.

[1] The theory upon which the complaint was dismissed was that, as the plaintiff had failed to deliver all the books called for by the conditional sales contract, the plaintiff had broken the contract. The complaint alleged the nondelivery of these books, and the defendant had demurred thereto, on the ground that it did not state facts sufficient to constitute a cause of action; the alleged insufficiency being that by

reason of the nondelivery of these volumes the complaint upon its face showed that the plaintiff had broken the contract.

The demurrer was overruled, and the defendant given until January 5th to file an answer. He did not avail himself of the privilege, and judgment was given for the relief demanded in the complaint. An appeal was taken therefrom to this court, and the judgment was affirmed. February Term, No. 80. Leave to appeal to the Appellate Division was refused by this court and the Appellate Division. 152 N. Y. Supp. 1149. The very point upon which the trial judge dismissed the complaint had been determined adversely to his ruling by this court, and that decision was binding upon him, and was the law of this case. It would not be necessary to discuss the appeal from the judgment further.

[2] Verdicts should not be directed upon statements made in unreported arguments of counsel; but, giving the facts and admissions as stated in the summary their full probative value, they are insufficient to support the judgment.

[3] It seems that the plaintiff issued an execution on the judgment, and pursuant thereto a marshal took these books into his possession. The trial judge construed this as a retaking of the books by the plaintiff in rescission of the contract. The seizure and sale by the marshal, pursuant to execution, of the property which is a subject of a conditional sale agreement, is not a retaking by the vendor. The property does not come into his actual or constructive possession, but is in the custody of the law. Quattrone v. Simon, 85 Misc. Rep. 357, 147 N. Y. Supp. 448. The judgment must therefore be reversed.

The first order brought up for review herein was an order vacating the judgment and allowing the defendant to answer, without the imposition of other terms than an indefinite statement, "Matters desired by commission to be stipulated." The defendant did not avail himself of the privilege of answering extended to him by the court, but suffered judgment to be entered. He did not, pending his appeal, obtain a stay of execution. The plaintiff had proceeded under his execution. The court below had no power to vacate this judgment. It was regular, and had been affirmed on appeal.

The motion for a commission necessarily falls with the reinstatement of the first judgment.

Judgment of June 23, 1915, reversed, with $30 costs, orders reversed, and judgment of December 30, 1914, reinstated. All concur.