(94 Misc. Rep. 282)

MATHUSHEK & SON PIANO CO. v. WELD et al.

(Supreme Court, Appellate Term, First Department. March 30, 1916.)

1. EXECUTORS AND ADMINISTRATORS ☞441—APPEARANCE BY ATTORNEY OF DECEDENT.

In suit to foreclose a lien on the instrument by the conditional vendor of a piano, the appearance of the executor of the deceased buyer, individually, as an attorney for the widow, who had custody of the instrument, could not bind decedent's estate, which owned the instrument.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1792–1797; Dec. Dig. ☞441.]

2. SALES ☞479(1)—CONDITIONAL SELLER—FORECLOSURE OF LIEN—STATUTE.

Old Municipal Court Act (Laws 1902, c. 580) §§ 138, 139, gives sellers under contracts of conditional sale a new remedy to be regarded as a lien, as well as a conditional title, which he may enforce by action to foreclose, as any other lien may be foreclosed, the remedy being entirely distinct from the right to retake the property under the contract of conditional sale, when the seller is required, by Personal Property Law (Consol. Laws, c. 41) § 65, to make sale in a particular way, which has no application to foreclosure of his lien.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418, 1419; Dec. Dig. ☞479(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. COURTS ⊚⟷188(10)—MUNICIPAL COURTS—FORECLOSURE OF SELLER'S LIEN—
JURISDICTION.

    Under Old Municipal Court Act, §§ 138, 139, touching foreclosure of a
seller's lien on personalty conditionally sold, the Municipal Court of the
City of New York has no jurisdiction to foreclose a lien arising under a
contract of conditional sale of personalty, where neither the purchaser nor
his successors in interest, as his executor, are made parties; the action
being brought against his widow having only custody of the property.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig.
⊚⟷188(10).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Mathushek & Son Piano Company against Arthur Weld and Claudia Weld. From a judgment for plaintiff, the latter defendant appeals. Judgment reversed, and complaint dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Franklin Bien, of New York City, for appellant.

Lorence & Harkavy, of New York City (Henry Harkavy, and Louis Lorence, both of New York City, of counsel), for respondent.

LEHMAN, J. [1] The plaintiff herein brought an action on the 13th day of July, 1915, to "foreclose a lien" which it claimed upon a piano which was sold to Arthur Weld under a conditional bill of sale. At the time of the beginning of the action Arthur Weld was dead and the piano was in the possession of his widow, Claudia Weld. It is undisputed that Claudia Weld claimed no title to the piano and was not the successor in interest of Arthur Weld. The title to the piano was, at the time, in Franklin Bien as executor of Arthur Weld, and it appears that the piano was left with Claudia Weld as custodian in order to save storage charges. The plaintiff was notified that Arthur Weld was dead, but nevertheless made Arthur Weld a nominal party, and never made his executor a party to the action. The executor did not appear in the action, though Franklin Bien, as an individual, did appear as attorney for the widow. Obviously such an appearance cannot bind the estate, and the plaintiff does not contend that the estate was a party to this case or is bound by the decision. The piano was seized by the marshal under a writ of seizure, and the learned trial justice has given judgment adjudging that the plaintiff has a lien for the amount unpaid on its contract of conditional sale, and ordering the marshal to sell the same to satisfy the lien and the costs and disbursements awarded at the trial. Upon this appeal the defendant Claudia Weld claims that the Municipal Court was without jurisdiction to enter a judgment in the action, in the absence of the owner of the property, while the defendant contends that, though the judgment would not be binding upon the owner, the court had power to enter such a judgment, and the judgment is binding against the custodian.

[2, 3] The action was brought in July, 1915, and is therefore gov-

erned by the Old Municipal Court Act. That act provided in section
139:

"No action shall be maintained in this court, which arises on a * * *
contract of conditional sale of personal property, * * * except an action
to foreclose a lien, as provided in this article."

It also provides in section 138 that:

"In an action to foreclose a lien upon a chattel * * * a warrant, com-
manding the marshal to seize [it] and safely keep it *to abide the judgment*,
may be issued," etc.

In several cases this court has pointed out that the provisions of the
Municipal Court Act which permit the "foreclosure of a lien under
a contract of conditional sale" are somewhat anomalous. Strictly
speaking, title under a contract of conditional sale rests in the seller,
and a person cannot in theory have a lien on his own property. Nev-
ertheless:

"Though the remedy allowed by the Municipal Court Act is anomalous in
theory it is given in such explicit language that it is susceptible of only one
interpretation." Quattrone v. Simon, 85 Misc. Rep. 357, 147 N. Y. Supp. 448.

The Legislature has given a new remedy by the Municipal Court
Act to sellers under contracts of conditional sale. For the purposes
of that remedy the right of a seller under such a contract is to be re-
garded as a lien as well as a conditional title, and he may enforce this
right by action to foreclose just as any other lien may be foreclosed.
It must be remembered, however, that this remedy is entirely distinct
from the right to "retake" the property under the contract of condi-
tional sale.

"In case of a seizure by the marshal and a sale in execution upon a judg-
ment, the property is not retaken by the vendor, and never comes into his
possession either actual or constructive. Sigal v. Frank E. Hatch Co., 61 Misc.
Rep. 332 [113 N. Y. Supp. 818], and cases therein cited. * * * In an action
under section 139 of the Municipal Court Act, however, the property remains
in the custody of the law until after the rights of the parties to it are de-
termined in court, whereupon it is sold at a judicial sale and the lien of the
vendor is satisfied." Quattrone v. Simon, 85 Misc. Rep. 357, 147 N. Y. Supp.
448.

The court cannot, however, consider or determine the "rights of
the parties" unless the party against whom the right is claimed is
brought into court. That party in this case is obviously, I think, the
only person who has a right to the possession of the property, subject
to the lien of the plaintiff, and I cannot see how the court has juris-
diction to order the property taken into "the custody of the law," in
order that it may determine the rights of the parties, except in an
action where the party having a right to the possession of the proper-
ty, subject to the lien, is brought into court. I fail to see how this
court can sustain a judgment adjudicating the amount of a lien, and
ordering the property to be sold to satisfy the lien, where the plain-
tiff itself concedes that the judgment is not binding upon the pur-
chaser of the property, or his successors in interest.

If we affirm this judgment, we will produce this peculiar situation:
Under the contract of sale the plaintiff has a right to retake the prop-

erty, and upon such retaking he is commanded by section 65 of the Personal Property Law to make the sale in a certain way. These provisions, however, have no application to a seizure by the marshal and a sale under judgment as provided by sections 138 and 139 of the Municipal Court Act. See Quattrone v. Simon, supra; Crump v. Wissner, 163 App. Div. 45, 148 N. Y. Supp. 401. The judgment in this case is concededly not binding against the purchaser or his successors in interest, yet since the property has never been taken by the seller and come into his possession, the successors in interest of the buyers cannot enforce the rights given to them by statute upon a retaking of the chattel. Their sole right would therefore be against the marshal. If we affirm this judgment we would therefore be in the position of commanding the marshal to sell the property under a judgment which would subject the marshal to an action for damages by the successors in interest of the purchaser, since the judgment is not binding upon them and has divested them of no right to possession. It follows that the court is without jurisdiction to foreclose a lien arising under a contract of conditional sale, where neither the purchaser nor the purchaser's successors in interest have been made parties.

Judgment should therefore be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.