(95 Misc. Rep. 518)

### LOWY v. HARDMAN, PECK & CO.

(Supreme Court, Appellate Term, First Department.   June 14, 1916.)

SALES ⬤⟿481—CONDITIONAL SALES—MOTION FOR JUDGMENT ON PLEADINGS.

Where property sold on conditional contract of sale was seized in replevin and sold by a vendor, no judgment being entered in the replevin action, the answer of vendor that the property was not sold in violation of Personal Property Law (Consol. Laws, c. 41) §§ 65, 66, raises an issue of fact, and does not warrant judgment on the pleadings in an action by the vendee to recover purchase money paid.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1449–1455; Dec. Dig. ⬤⟿481.]

Appeal from City Court of New York, Special Term.

Action by Leo Lowy against Hardman, Peck & Co. From a judgment for plaintiff on the pleadings, defendant appeals. Reversed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Francis C. Brown, of New York City (Nathan Ottinger and Max J. Bernheim, both of New York City, of counsel), for appellant.

Eugene I. Yuells, of New York City, for respondent.

GUY, J.   The complaint alleges the purchase of a piano by plaintiff from the defendant under a contract of conditional sale on or about April 12, 1913; that, after receiving payment of $100 on account of the purchase price, the vendor, on November 5, 1915, replevied the piano; that the sheriff delivered the piano to this defendant (the plaintiff in the replevin action) and within 60 days thereafter this defendant sold the piano; that no judgment was entered in that action; that the sale did not comply with the provisions of sections 65 and 66 of the Personal Property Law, requiring that articles sold under contracts of conditional sale, if the same are retaken by the vendor, be retained for 30 days after the retaking to enable the vendee to comply with the terms of the contract; that unless the articles are sold within 30 days after the expiration of such period of 30 days the vendee may recover the amount paid by him under the contract; and that 15 days before the sale notice shall be given to the vendee in the form and manner prescribed by the statute. Judgment is demanded for $100, the amount paid on the contract.

The only material allegation of the complaint denied by the answer

is the allegation that the defendant, in selling the property, did not comply with the requirements of the laws of the state of New York. The apparent theory of the complaint is that, because of plaintiff's default in complying with the terms of the contract of conditional sale, there was a retaking of the piano by the defendant through the delivery of the chattel to it by the sheriff, that the property was sold within 60 days after the retaking, and that the defendant, by violation of the provisions of the Personal Property Law, was required to pay the plaintiff the amount paid by him on account of the purchase price of the piano. If this construction be correct, the denial of the allegation of the complaint that the defendant failed to comply with the laws of the state of New York raised an issue, and the plaintiff was not entitled to judgment on the pleadings.

The learned justice below, however, held that the theory of the complaint is that the chattel was not retaken by the vendor within the meaning of section 65 of the Personal Property Law, and could not be so retaken until the entry of judgment in the replevin action; that meanwhile the property was in custodia legis; that—

"there was no retaking by the vendor, because of lack of final judgment. Failure to perform the obligation imposed by the Personal Property Law appears from the sale of the chattel during its custody by the law and before a retaking was had pursuant to law, and the penalty follows."

If the conclusion that there was no retaking of the chattel be correct, it is difficult to understand how a statute which gives a remedy where the chattel has been retaken by the vendor can have any application. In Spitaleri v. Brown, 163 App. Div. 644, 148 N. Y. Supp. 1005, cited by the justice below in his opinion, replevin had also been instituted by the vendor, the sheriff had delivered the chattel to him, and during the pendency of the action the vendor, after giving the prescribed statutory notice, caused the property to be sold within 60 days of the taking by the sheriff, and purchased the property at the sale. After the sale judgment was entered in the replevin suit in favor of the vendor, and the Appellate Division of the Second Department held, in the subsequent action brought by the conditional vendee against the vendor, that under the provisions of the Personal Property Law the plaintiff was entitled to receive the payments made by him on account of the chattel, the court saying (163 App. Div. 648, 148 N. Y. Supp. 1007):

"The defendant, having failed to perform the obligation imposed upon him by the provisions of the Personal Property Law, supra, must suffer the liability it prescribes for such failure."

It appears upon the face of the complaint in the case at hand, however, that no judgment has been entered in the replevin action brought against this plaintiff, so that, even under the authority of the Spitaleri decision, there has been no retaking of the piano by the vendor; and while logically the situation here is similar to, if not identical with, that presented in the case cited, even though no judgment has been entered here, we think that that case should not control the disposition of this appeal. In Sigal v. Hatch Co., 61 Misc. Rep. 332, 113 N. Y. Supp. 818, cited as an authority for the decision in the Spitaleri Case,

the sole question to be determined, as appears from the opinion of this court, was whether the taking of the property by the marshal in replevin at the suit of the defendant in that case was a taking by the vendor within the meaning of the statute; and in Crump v. Wissner, 163 App. Div. 47, 148 N. Y. Supp. 401, and Quattrone v. Simon, 85 Misc. Rep. 357, 147 N. Y. Supp. 448, it was pointed out that, where a conditional vendor has recourse to section 139 of the Municipal Court Act for the purpose of foreclosing his lien, the vendee cannot resort to the remedy given him by section 65 of the Personal Property Law.

If the receipt of the piano by the conditional vendor from the sheriff, after that officer took possession of it under the writ of replevin, constituted a retaking of the property by the vendor within the meaning of the statute, defendant's denial of the allegation of the complaint that the vendor failed to comply with the provisions of the Personal Property Law raised an issue of fact, which could be disposed of only after trial. If, however, there was no retaking by the vendor the plaintiff was not entitled to the benefit of the statute, and the complaint, which was framed for the purpose of recovering the statutory relief, failed to state facts sufficient to constitute a cause of action. In either aspect plaintiff's motion for judgment should have been denied.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.