Per Curiam.

It was formerly held that, where goods sold under contract of conditional sale have been repossessed by legal process, they are in custodia legis pending determination of the action, and that the period of time within which they are to be retained' or sold by the conditional vendor commences to run upon the entry of judgment (Spitaleri v. Brown, 163 App. Div. 644; Sigal v. Hatch Co., 61 Misc. 332). These decisions were overruled in Montgomery Acceptance Corp. v. Coon (263 N. Y. 561) which held that the time for a plaintiff to sell at public auction, who has requisitioned the goods, was not extended by the pendency of the replevin action. The statute stated (Personal Property Law, § 79): “If the buyer does *590 not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty percentum of the purchase price at the time of the retaking the seller shall sell them at public auction in the state where they were at the time of the retaking, such sale to be held not more than thirty days after the retaking. * * * ” Following the decision in Montgomery Acceptance Corp. v. Coon this section was amended by chapter 728 of the Laws of 1934, by adding a sentence immediately after the one above quoted, to wit: “ Provided, however, that when the seller retakes possession of the goods by legal process, and an answer is interposed the seller may hold such retaken goods for a period not to exceed thirty days after the entry of a judgment by a court of competent jurisdiction entitling the seller to possession of such goods before holding such resale.” This amendment means that the conditional seller may resell, if an answer has been interposed in a replevin action, at any time during which it is thus provided that the goods may be held. This does not signify that if not sold within thirty days after the goods are repossessed, they may be sold only within a period of thirty days following the entry of judgment. Necessarily, if the goods may be held until thirty days after judgment, they must be held during the time which intervenes between the expiration of thirty days after repossession and the entry of judgment. If they may be resold at any time during which they can be held, as is clearly the correct inference, it follows that they may be resold, if an answer has been interposed in such an action, at any time prior to the entry of judgment as well as within thirty days thereafter. The conditional vendor may not desire to do so, and may be answerable in damages to the conditional vendee, if he loses the lawsuit, on the ground that he had no right to repossess the goods at all. But that is a different question from whether, assuming that he has the right to repossess, the seller may resell at any time during the pendency of such action in which an answer has been interposed, plus a period of thirty days after judgment has been entered therein. We deem the latter to be the correct construction of this statute.
The determination of the Appellate Term and the judgment of the City Court entered thereon should be reversed, with costs, and the order of the City Court, denying plaintiffs’ motion for judgment on the pleadings reinstated, with leave to the defendant to amend its answer.