303 P.2d 526

**L. H. KAHL, Appellant,**

**v.**

**E. B. WINFREY and Jane Doe Winfrey, husband and wife, Appellees.**

**No. 6057.**

Supreme Court of Arizona.

Nov. 14, 1956.

Cusick, Watkins & Frey, Tucson, for appellant.

Moore & Moore, Phoenix, for appellees.

UDALL, Justice.

Plaintiff (appellant) L. H. Kahl brought an action in replevin against defendants (appellees) E. B. Winfrey and wife which resulted in a money judgment being entered in favor of defendants and against plaintiff. After denial of the latter's motion for a new trial this appeal was taken from the judgment. The designation by which the parties appeared in the trial court will be used.

The chain of events giving rise to this suit is as follows: plaintiff sold to defendant E. B. Winfrey under a single conditional sales contract—on the usual printed form used by plaintiff—two items of farm equipment, viz., a harvester for $1,215 and a tractor for $2,216. The total contract price, including sales tax, fees, etc., was $3,520.-13, of which amount the sum of $2,520.13 was paid at the time of execution or shortly thereafter, leaving a balance due of $1,000

—plus provision for additional costs and fees in case of default. By the terms of the contract title was retained by plaintiff until the two installments provided for therein were paid. Being in default and after demand and notice had been given to him, defendant failed and refused to pay any of the balance then past due on the contract, or to surrender possession of such equipment. Whereupon plaintiff, on March 31, 1953, brought this replevin action asking for the return of said property *or*, in the event possession thereof cannot be had, a judgment for the balance due on the contract plus interest and costs incurred.

A writ of replevin was issued the day suit was filed. On or about April 15, 1953, defendant voluntarily returned the harvester, placing it in plaintiff's yard at Tucson. It was not until May 18, 1953, that the sheriff seized the tractor and gave possession thereof to plaintiff.

Defendant by his answer admits execution of the conditional sales contract, and denies there is anything due thereon, though there is no allegation of further cash payments having been made. It is affirmatively alleged that plaintiff wrongfully obtained possession of the tractor and that defendant voluntarily returned the harvester to plaintiff. In defendant's brief this statement appears: "The seller's right to possession of the harvester has never at any point in this case been disputed by the buyer." Through the medium of four counterclaims, filed with the answer, certain affirmative relief is asked. *Count one* thereof is predicated upon the theory that the conditional sales contract was severable. It alleged the harvester was unfit for the purpose for which purchased and that it was returned pursuant to a new oral contract between the parties whereby defendant was to be credited with the sum of $1,000, being the balance of the purchase price owed. Therefore, it is asserted replevin of the tractor was wrongful. The prayer is for the return of the tractor, or, in the alternative, a judgment for its claimed value of $2,100 plus the sum of $150 in damages for each month the tractor has been retained by plaintiff. *Count two:* if the first counterclaim is denied because the court finds the contract to be non-severable, then defendant seeks to rescind the entire contract and recover the initial payment of $2,520.13. *Count three* theorizes that because the harvester was not sold within thirty days after "retaking", the plaintiff is obliged to pay statutory damages under section 52–617, A.C.A.1939 [A.R.S. § 44–325], i. e., one-fourth of the amount paid on the harvester—which defendant computes to be the sum of $224.91. *Count four* seeks the return of the tractor, or, in the alternative, its value, which is alleged to be $2,100, and in addition the sum of $150 for

each month he has been deprived of the use thereof. This is upon the theory that defendant was discharged from the contract by reason of the fact that the tractor was not sold within thirty days of retaking and, therefore, the replevin was wrongful and without right. Plaintiff's reply to all of the counterclaims was, in effect, a general denial.

With the issues thus framed, the case went to trial on August 19, 1954, before the court sitting without a jury. Defendant requested written findings and the pertinent findings of fact made by the court are the following:

"6. Plaintiff has not given notice of sale, and has not sold either piece of equipment and still retains them in his possession.

"7. Since taking possession of the tractor plaintiff has altered it by welding on it a new hitch, and has rented it to third persons, receiving Three Hundred Dollars ($300.00) as rent therefor.

"8. When voluntarily returned to plaintiff the harvester was reasonably worth One Thousand Dollars ($1,000.00).

"9. At the time of trial the tractor was worth Seven Hundred Dollars ($700.00).

"10. On May 18, 1953 the tractor was worth One Thousand Five Hundred Dollars ($1,500.00).

"11. The reasonable value of the use of the tractor from May 18, 1953 until the time of trial was One Thousand One Hundred Twenty Five Dollars ($1,125.00), based on a rental value of One Hundred Fifty Dollars per month, effective fifty per cent of the elapsed time.

"12. One-fourth of the amount paid by defendants on the harvester is Two Hundred Twenty Four and 91/100 Dollars ($224.91)."

It should be stated that, even though replevin is primarily a possessory action, the trial court failed to make an express finding as to which party was entitled to possession of the equipment in question.

In accordance with the findings of fact and conclusions of law, the court, on December 11, 1954, rendered judgment in favor of defendant and against plaintiff and his surety on replevin bond, as follows:

"(a) For the sum of Seven Hundred Dollars ($700.00), the value of the said tractor;

"(b) For the further sum of Eight Hundred Dollars ($800.00) as damages for the depreciation of said tractor; and the further sum of One Thousand

One Hundred Twenty Five Dollars ($1,125.00) as damages for the loss of use of said tractor;

"(c) For defendants' costs in this action.

"2. That plaintiff return the said tractor to defendants on or before November 15, 1954 at 3134 West McKinley Street, Phoenix, Arizona.

"3. That defendants have judgment against the plaintiff for the further sum of Two Hundred Twenty Four and 91/100 Dollars ($224.91), being one-fourth the amount paid by defendants on the price of said harvester."

Plaintiff's efforts to secure an amendment of the findings or judgment, or to obtain a new trial were unavailing. This appeal followed.

It is plaintiff's position, clearly stated in his brief, that once the issue of possession of said property had been judicially determined in his favor, he is then, and only then, bound to proceed with a resale of such items as are provided for under chapter 52, article 6, A.C.A.1939 [A.R.S. § 44–301 et seq.], Uniform Conditional Sales Act.

Despite plaintiff's numerous assignments of error, it is not an over-simplification to state that he generally contends the judgment is neither supported by the evidence nor justified under the law. As we proceed, we shall state the problems presented as we find them to be rather than attempt a summary of such assignments. We confess that from a mere reading of the record it is most difficult for us to understand the bases for the court's judgment; no consistent pattern is followed therein, and upon analysis it would appear diametrically opposed theories, at least in part, are adopted. Some of this confusion arises because of failure of the trial court to do its duty in this possessory action by making specific and definite finding as to who was entitled to possession of the equipment in question.

■ Undoubtedly plaintiff had a right to bring this action in replevin for the authorities hold that on default of the buyer, replevin is a proper remedy available to the conditional seller to recover possession of property sold, but the procedure in such action must be construed so as not to violate the remedial provisions of the statute governing conditional sales. 78 C.J.S., Sales, § 604 a, p. 377.

■ The question of the severability of this conditional sales contract was raised by the pleadings and is a matter discussed in the briefs. Such a problem is always one largely dependent upon the terms of the particular agreement, but there are certain established guides found in the decisions of this court. The intention of the parties, as determined from the contractual

language and the subject matter, is of primary importance; if it were intended to take the whole or none, the contract is not divisible. That the articles sold are divisible is not conclusive in the determination. Waddell v. White, 51 Ariz. 526, 540, 78 P.2d 490. Another indicium is whether the consideration for two or more promises is entire or if it is capable of apportionment among the several promises. Leeker v. Marcotte, 41 Ariz. 118, 126, 15 P.2d 969. We do not believe defendant can successfully assert that this contract is severable merely because it was for two pieces of equipment separately priced. The parties here contracted for the sale of the two items for one over-all price, and the payments on the balance for which credit was extended were not allocated to either, but were for the whole. Further, there is no provision for releasing one item upon payment of a sum certain, and interest was charged on the whole. Thus, the conclusion seems inescapable that this contract was not intended to be severable and must, therefore, be considered as a whole. To hold otherwise would be to write a new contract for the parties.

We next consider the claimed duty of plaintiff to sell this farm equipment within thirty days notwithstanding the replevin action was then undetermined. Defendant's third and fourth counterclaims raise the question as to whether securing possession of goods by instituting a replevin action constitutes a "retaking" under the Conditional Sales Act as would compel the plaintiff to resell the property within thirty days pursuant to section 52–615, A.C.A.1939 [A.R.S. §§ 44–319 to 44–323]. Apparently the sole authority supporting defendant is Montgomery Acceptance Corporation v. Coon, 263 N.Y. 561, 189 N.E. 697, 698 (and subsequent New York cases), wherein the highest court of that state flatly stated that " * * * replevy by the sheriff with delivery to the plaintiff during the pendency of an action to recover a chattel constitutes a retaking * * *." This pronouncement presumably effected an implied overruling of an earlier and equally positive statement of a lower New York court in Spitaleri v. Brown, 163 App. Div. 644, 148 N.Y.S. 1005, 1007:

"The chattel was in custodia legis during the pendency of the action to recover it, and it was not retaken by the vendor until it was awarded to him by the final judgment in that action."

It is this latter ruling which is in effect in New York today, because by an amendment of its statute the legislature of New York has provided that when a vendor by legal process, i. e., replevin, regains goods sold on conditional sale, and an answer is interposed, he may *hold them for thirty days*

*after entry of judgment* in his favor before he must resell. New York Personal Property Law, McKinney's Consol.Laws, c. 43, § 79.

■ Tennessee has interpreted its applicable statute, which is comparable to ours, as follows:

" * * * Where the right to retain the possession under the replevin suit is controverted and litigated, the vendor cannot be said to have regained possession in the sense contemplated by the act for purpose of sale, but he is obligated to hold that possession to await the determination of the contest over the right to possession * * *." Leiberman v. Puckett, 94 Tenn. 273, 29 S.W. 6. Followed in Nashville Auto Sales Co. v. Wright, 26 Tenn.App. 326, 171 S.W.2d 834.

In H. W. Roos Co. v. Brady, 103 Pa.Super. 579, 157 A. 490, a Pennsylvania court reached the same conclusion. Inasmuch as it is a matter of first impression in this state, we refuse to follow the rationale of the New York court in the Coon case, supra, but rather adopt the realistic reasoning of the Tennessee court in the Leiberman case, supra. While plaintiff had physical possession of the property, his legal right to retake the tractor had been challenged and the question of whether the replevin was wrongful was awaiting a determination of the court. Under such circumstances we do not believe it was ever intended by the legislature that plaintiff should be required at his peril to sell that property to which his right of possession had not yet been determined. We hold that plaintiff's seizure of the tractor by writ of replevin and the voluntary surrender by defendant of possession of the harvester did not constitute such a retaking as would compel a resale within thirty days thereof.

■ In defendant's counterclaim it was alleged plaintiff Kahl had agreed to take back the harvester and allow defendant a credit of $1,000—which was the balance due on the conditional sales contract. The answer thereto denied this. Defendant Winfrey as counter-claimant thereby assumed the role of a plaintiff and, hence, the burden was upon him to sustain this contention by a fair preponderance of the evidence. Durazo v. Ayers, 21 Ariz. 373, 188 P. 868; Harvey v. Aubrey, 53 Ariz. 210, 87 P.2d 482. While there was some evidence adduced upon the novation issue, both pro and con, yet it is apparent from the findings made by the trial court that the defendant decided to rely wholly upon plaintiff's failure to sell, within the statutory period, the items of equipment covered by the contract. We say this because in the findings—which were prepared by defendant and adopted in toto by the trial court—

there is no finding made that a new oral agreement had been entered into, nor is any point made of such matter in defendant's brief.

### Cross-Assignment

■■ . It will be recalled that the judgment awarded defendant the sum of $1,125 as damages for the loss of the use of said tractor. Being unhappy with this generous allowance the defendant, by means of only a cross-assignment of error, seeks to have us double the amount, i. e., allow $2,250, because, he contends, the undisputed evidence shows this to be the amount of defendant's damages. In urging this counsel completely overlook the settled law in this state to the effect that a cross-assignment of error, in the absence of a cross-appeal, can be considered only *in support of the judgment.* Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 543, 164 P.2d 456. Cf. Brazee v. Morris, 68 Ariz. 224, 228, 204 P.2d 475; Paxton v. McDonald, 72 Ariz. 240, 247, 233 P.2d 450. We therefore refuse to consider such cross-assignment of error as the proposed increase is certainly not in support of the judgment.

Having concluded as a matter of law that (1) the contract was not severable, and (2) plaintiff had no duty to resell the machinery in question during the pendency of the replevin action, it follows that the replevin instituted by plaintiff was not wrongful. Upon these premises an examination of each and every item contained in the money judgment entered against plaintiff discloses that there are left no legal bases to sustain same.

The judgment of the lower court is, therefore, reversed with directions to enter judgment awarding possession to plaintiff in the replevin matter.

LA PRADE, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.