**In the Matter of: ARIMETCO, INC., Debtor.**

**Aero Nautical Leasing Corp., Appellant,**

v.

**Arimetco, Inc., Appellee.**

**No. 07–15698.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2008.*

Filed Oct. 31, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Walter F. Wood, Esq., Walter F. Wood, Ltd., Dennis J. Clancy, Esq., Raven & Awerkamp, PC, Tucson, AZ, for Appellant.

Susan G. Boswell, Esq., Kasey C. Nye, Esq., Quarles & Brady Streich Lang, LLP, Tucson, AZ, for Appellee.

Before: WALLACE, THOMAS and GRABER, Circuit Judges.

MEMORANDUM **

Aero Nautical Leasing Corporation (Aero) appeals from the district court's order affirming the bankruptcy court's denial of Aero's motion to require Chapter 11 debtor Arimetco, Inc. (Arimetco) to close on the sale of mining property to Aero. The district court had jurisdiction under 28 U.S.C. § 158(a), and we have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.

■ The district court did not err in holding that the agreement, which includes an option to purchase real property and mining claims, is severable. The terms and provisions of the contract indicate that the parties intended it to be severable. *See Leeker v. Marcotte*, 41 Ariz. 118, 15 P.2d 969, 971 (1932). To make this determination, we examined both the subject matter of and the language employed by the contract. *O'Malley Inv. & Realty Co. v. Trimble*, 5 Ariz.App. 10, 422 P.2d 740, 747 (1967). The portions of the agreement regarding the outright purchase and sale on the one hand, and the option on the other, are for different parcels of land, and

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the agreement provides separate consideration for each of the transactions contemplated by the agreement. *See Kahl v. Winfrey,* 81 Ariz. 199, 303 P.2d 526, 529 (1956) (separate consideration is an indicia of severability); *cf. Clark v. Levy,* 25 Ariz. 541, 220 P. 232, 233 (1923) (construing two leases and a memorandum as an indivisible agreement where all of the documents related to the same real property and could not be read independently). Moreover, the section of the agreement that creates the option contemplates the exercise of the option with no effect on the other transactions in the agreement. *See, e.g., Waddell v. White,* 51 Ariz. 526, 78 P.2d 490, 496 (1938) ("[A] severable contract is one [in] which ... matters and things contemplated and embraced by the contract ... are not necessarily dependent upon each other....."). As the option portion of the agreement is severable, it is unnecessary to analyze alleged breaches of the agreement unrelated to the option.

█ The district court also did not err in holding that Aero breached the option portion of the agreement and therefore cannot compel specific performance of the option. Aero did not set a date for closing in its notice of intent to exercise the option and did not place funds into escrow. Both of these actions were unequivocally required to exercise the option. Because Aero did not follow the express terms of the agreement in order to exercise the option, it cannot compel specific performance to close on the sale of the property subject to the option.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).