### HAEFELEIN v. JACOB.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

CONDITIONAL SALES—DEFAULT—DUTIES OF VENDOR—APPLICATION OF STATUTES.

Section 116 of the lien law (Laws 1897, p. 541, c. 418, as amended by Laws 1900, p. 1625, c. 762), requiring the vendor in a conditional sale to sell the articles at public auction in case he retakes possession of them after default, and providing that, if he does not do so within a certain period, the vendee may recover the amount paid on the articles under the contract, is not, and cannot, without impairing the obligation of contracts, be made applicable to a conditional sale made prior to its passage, during the continuance in force of Laws 1884, p. 380, c. 315, as amended by Laws 1896, p. 674, c. 601, which contained no provision for a recovery by the vendee of the purchase money, but merely required the vendor to sell the property at public auction, and pay any surplus above the debt and expenses over to the vendee.

Appeal from Trial Term, Kings County.

Action by Emma Haefelein against C. Albert Jacob. From a judgment for plaintiff, defendant appeals. Reversed.

See 66 N. Y. Supp. 1007; 69 N. Y. Supp. 1034.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Thomas Abbott McKennell, for appellant.

M. Hallheimer, for respondent.

WILLARD BARTLETT, J. On the 16th day of April, 1897, the defendant delivered to George Haefelein a piano under a contract for the conditional sale thereof, providing that the title thereto should remain in the defendant, as vendor, until the purchase price of $250 should be paid, and providing further for the payment of such purchase price partly in cash at the time when the piano was delivered, and partly in monthly payments of $10 each. The vendee paid only $170 on account of the purchase price, and the piano was retaken by the vendor by reason of the vendee's default under the contract. The vendor did not sell the piano or cause the same to be sold within 60 days after retaking the same, and the plaintiff brought this suit, as the assignee of the purchaser, to recover the $170 paid on account of the purchase price.

The action is based on section 116 of the lien law. That section, as originally enacted (chapter 418, p. 541, of the Laws of 1897), took effect on September 1, 1897, and read as follows:

"Whenever articles are sold upon the condition that the title thereto shall remain in the vendor, or in some other person than the vendee, until the payment of the purchase price, or until the occurrence of a future event or

contingency, and the same are retaken by the vendor, or his successor in interest, they shall be retained for a period of thirty days from the time of such retaking and during such period the vendee or his successor in interest, may comply with the terms of such contract, and thereupon receive such property. After the expiration of such period, if such terms are not complied with, the vendor, or his successor in interest, may cause such articles to be sold at public auction."

By chapter 762, p. 1625, of the Laws of 1900, section 116 was amended by adding thereto the following provision:

"Unless such articles are so sold within thirty days after the expiration of such period, the vendee or his successor in interest may recover of the vendor the amount paid on such articles by such vendee or his successor in interest under the contract for the conditional sale thereof."

It is to be noted that this provision was not enacted until long after the making of the contract of conditional sale out of which the present controversy has arisen. At the time of the execution of that contract and the delivery of the piano thereunder, the statute applicable to the transaction was chapter 315, p. 380, of the Laws of 1884, as amended by chapter 601, p. 674, of the Laws of 1896 (since repealed), which, among other things, provided as follows:

"In case * * * pianos * * * are sold upon the condition that the titles shall remain in the vendor or some other person than the purchaser, until the payment of the purchase price, or until the occurring of any future event or contingency, and the same are retaken by the vendor, or by his successor in interest, such property so retaken shall be retained for thirty days by the person by whom or on whose behalf the same has been so taken, during which time the purchaser or his successor in interest may fulfill such contract or purchase and shall be entitled thereupon to receive such property. After the expiration of such time the person by whom or on whose behalf the said property has been taken, may proceed to sell the same at public auction and out of the proceeds may retain the balance remaining unpaid on the purchase price and the expenses of storing, advertising and sale thereof; and any surplus remaining shall be paid to the person or persons from whom the property was taken. But no such sale shall be made until after the giving of a printed or written notice of such sale to the person or persons from whom the said property has been taken, requiring such person or persons to pay such unpaid balance and expenses, and that in case of default in so doing that such property will be sold to pay the same, at a time and place to be specified in the notice."

The statute as thus in force at the time when the contract was made conferred upon the vendee no right to recover that part of the purchase price which he had paid simply on proof that the vendor had not sold the article retaken within a prescribed period after retaking the same. The vendee could maintain a suit to recover what he had paid by showing either that he had offered to perform his part of the contract in full, or that the vendor had put it out of his power to deliver the piano on receiving full payment. Humeston v. Cherry, 23 Hun, 141. If, therefore, the plaintiff has any right to maintain this action at all, it arises out of the amendment made to section 116 of the lien law in 1900, as above quoted. The learned judge at Trial Term held it to be applicable to existing contracts, and deemed it unobjectionable on constitutional grounds. "It simply provides for a sale on notice," he said, "and a penalty for noncompliance. It relates to existing contracts as well as to future

ones. It is the same as lengthening or shortening the notice of sale, or the like, which would apply to existing contracts."

I am unable to agree to the view that the amendment of 1900, if applied to contracts made before its enactment, affects the remedy only, and not the rights of the parties to a conditional sale. So far as contracts are concerned, a remedy is a method or means of redress provided by law for the benefit of the party who has performed or been ready and willing to perform his part of the contract, and is available against the party in default. The amendment of 1900 does not create or amplify any remedy in behalf of the vendor in a conditional sale who has fulfilled the contract on his side. It is designed solely for the benefit of the vendee who has refused or failed to perform. It confers upon him a right, which he did not possess under pre-existing law, to recover the moneys he has paid on account of the purchase price. As to the constitutional validity of the amendment in its application to transactions occurring after its adoption, there can be no question, but I do not see how it can be held applicable to a prior conditional sale without impairing the obligation of the contract. "An obligation is impaired when it is made worse for either party thereto." Randall v. Sackett, 77 N. Y. 480. I am of opinion that the provisions of the amendment of 1900 to section 116 of the lien law were not available for the benefit of the vendee in this case or his successor in interest, and hence that the present action must fail.

I have treated the transaction relative to the piano as a conditional sale, and not a contract of hiring; being convinced that the court below, upon the evidence, was right in so regarding it. See Jacob v. Haefelien, 54 App. Div. 570, 66 N. Y. Supp. 1007.

The judgment should be reversed, and the complaint dismissed.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.