ESTHER JENKINS, Respondent, *v.* BLACKSTONE MOTOR CO., INC., Appellant.

Third Department, May 5, 1926.·

Sales — conditional sale — action by purchaser to recover amount paid seller on conditional sale contract of automobile — automobile was retaken five days after sale on ground of violation of contract by purchaser — sole charge in complaint was that defendant induced plaintiff to purchase and make down payment intending at same time to retake automobile — automobile was retaken because plaintiff took it outside State without written consent and because she misrepresented her credit — defendant justified in retaking — evidence does not show bad faith by defendant — defendant complied with Personal Property Law, §§ 76–80-e, in selling automobile after retaking.

The purchaser of an automobile on a conditional sales contract which was retaken from her five days after the purchase on the ground that she took the automobile outside the State without the written consent of the seller, and also on the ground that because of misrepresentations made by her as to her credit, the defendant deemed itself insecure and unsafe, cannot recover the down payment on the automobile, since it appears that the plaintiff did take the automobile outside the State without the written consent of the defendant, and that the defendant had reasonable ground for deeming itself insecure and unsafe as to the balance due on the automobile in view of the fact that the plaintiff misrepresented her credit at the time of the purchase.

The evidence does not justify a finding that statements alleged to have been made to the plaintiff by the defendant to induce the plaintiff to sign the contract were not made in good faith but for the purpose of inducing the plaintiff to purchase the automobile, and with the intention on the part of the defendant to retake the automobile from the plaintiff, thereby defrauding the plaintiff of the amount paid on the purchase price.

The defendant strictly complied with sections 76–80-e of the Personal Property Law in selling the automobile after it was retaken and the plaintiff has not taken advantage of her right to redeem the automobile as provided in section 78, and, therefore, she cannot recover the down payment under section 80-e.

APPEAL by the defendant, Blackstone Motor Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 6th day of May, 1925, upon the decision of the court rendered after a trial at the Broome Special Term.

In the complaint the following is alleged: That, on August 15, 1924, plaintiff purchased from defendant a Chrysler passenger car for the sum of $2,268, to be paid as follows: $800.04 on delivery of the car and $122.33 in equal monthly installments until the total purchase price was paid. Plaintiff signed a conditional sales contract at the time providing that the title in the car should remain in defendant until full payment was made, and possession of the car was to remain in the plaintiff until a breach of the conditions of the contract. " And the agreement between the plaintiff and defendant was that said plaintiff should have the right to the possession of said car as long as said payments were paid and no overt act of plaintiff should be made by which defendant might deem itself unsafe." Plaintiff was given possession of the car and continued in possession until August 20, 1924, when defendant retook it. On August twenty-first plaintiff demanded return of the car, which demand was refused, whereupon plaintiff demanded the sum of $800.04, which was refused. " That at the time said car was purchased by said plaintiff from defendant, defendant agreed to and with said plaintiff that plaintiff might have possession of said car and use the same, and that said car would not be taken away from said plaintiff as long as said plaintiff paid the equal monthly installments of $122.33 at the time when the same became due and payable. That the said plaintiff purchased the said car relying upon the said statements but that the statements were made by said defendant to the plaintiff for the purpose of inducing this plaintiff to purchase said car and without any intention on the part of the defendant of fulfilling the same, and that said car was taken by the defendant, not in good faith but for the purpose of defrauding this plaintiff out of the said money paid by the plaintiff to the defendant at the time of the purchase aforesaid." That plaintiff has been damaged in the sum of $800.04 and interest from August 21, 1924.

The answer puts in issue the material allegations of the complaint and as a separate defense alleges the grounds upon which defendant retook the car.

*Couper & Terry* [*Mack W. Terry* of counsel; *H. F. Nehlsen* and *C. L. Chamberlain* with him on the brief], for the appellant.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the respondent.

VAN KIRK, J.   The action is brought to recover $800.04, the first payment made on a conditional sales contract which was entered into between plaintiff and defendant August 15, 1924, by the terms of which the defendant agreed to sell and plaintiff to buy a Chrysler passenger car.   A copy of the contract was given her at the time and she still has it.   It is the usual " partial payment " contract, now becoming so common, by the terms of which, while payments are being made, the buyer has possession of the car, but full title remains in the seller and conditions are set forth under which he may retake the car.   The plaintiff made the first payment upon the contract, the car was retaken and she now has brought this action to recover that first payment.   In the complaint there is no charge of false representation.   The so-called representations were simply promises, namely, that, so long as she made the stipulated payments, she could keep the car and, if she could not promptly make a payment, her time would be extended; they would deal fairly with her.   A cause of action for fraud or deceit is not alleged; nor is there any allegation of mutual mistake, or duress, or that plaintiff did not understand the terms of the contract, or that she did not know its contents.   The substance of the charge and the only charge on which recovery is asked is that the defendant induced plaintiff by oral promises to sign the contract and make the first payment with the intent of retaking the car immediately thereafter; that is, without any intent in fact of selling the car, but solely to rob plaintiff of her first payment. On this theory the court has allowed a recovery.

We have here on its face a valid written contract executed by the parties.   The plaintiff signed it and she nowhere claims that it is not her contract.   It is printed in uniform type, except that the names, dates and amounts are inserted with typewriter.   It is throughout plainly legible.   It defines her rights in the transaction and is binding upon her whether she read it or not.   (*Upton* v. *Tribilcock*, 91 U. S. 45, 50.)

The retaking and the attending circumstances are material only as bearing upon the good faith of defendant in making the contract.   It is important to note first that this car was not retaken because of default in payments; there was no default. The promises alleged to have been made by defendant to induce plaintiff to sign the contract were not broken.   The car was

retaken for other reasons and strictly in accord with the contract. There are in the contract stipulations which provide under what circumstances the car might be retaken by defendant. It is not alleged that any of these were modified by oral promises or representations. The contract provides that the car could be retaken if the plaintiff took it outside " the State of New York without the written consent of seller." She did take it into the State of Pennsylvania without such written consent. She excuses this on the ground that she told some one representing the defendant of her intent to go with the car into Pennsylvania and that they consented and so this provision was waived. Then why the stipulation requiring written consent? Was it not to avoid disputes as to oral consent? Oral consent is certainly not written consent. It is further provided in the contract, as in chattel mortgages, that the car may be retaken " should said seller for any reason whatsoever deem itself unsafe or insecure." If there was a promise that, so long as she made the payments, she could keep the car and that, in case of failure to pay on time, an extension of time for payment would be given, such a promise is substantially in accord with the written contract and it would be a strained construction of the language claimed to have been used to hold that that promise was a waiver of all the other stipulations in the contract. The record here shows that the defendant retook the car because it deemed " itself unsafe or insecure." It gives the following reasons, established in the evidence, for so deeming: (1) The plaintiff was not known by, and had not done business with, those persons she named to support her credit as " persons with whom I have done business." (2) The insurance company, the Commercial Refunding Corporation, refused to carry the risk. This is the company named on the 4th page of the contract in the certificate signed by plaintiff as follows: " I hereby certify that the above statement is true and correct and I understand and agree that each and every answer is material and that seller and Commercial Funding Corporation rely on same in extending this credit." (3) She took the car out of the State without " written permission."

We conclude that the vendor had reasonable grounds for deeming itself insecure and unsafe and was justified in retaking the car; that act does not indicate that the contract of sale was not made in good faith and nothing after the retaking so indicates. We repeat here that the retaking is assailed solely on the ground that it was done in violation of the alleged oral promises, thus showing bad faith in making the contract. The evidence does not justify the ninth finding of fact; that the statements alleged to have been made to induce the plaintiff to sign the contract " were not

made in good faith, but were made for the purpose of inducing the plaintiff to purchase the car from the defendant and without any intention on the part of the defendant of leaving said car, so purchased, in the possession of the plaintiff, but were made for the purpose of defrauding the plaintiff out of the moneys paid by the plaintiff as part of the purchase price." In connection with this finding we might turn aside to recall that the cash payment was only $50; that $750 of the payment was the price allowed for the used Jewett car, which must be disposed of before money could be realized by the defendant.

No complaint is made of any unfair or wrongful act on the part of the defendant after the retaking, unless it be its refusal to deliver to plaintiff on her demand the Chrysler car, or, failing that, the Jewett car and the fifty dollars. Its offer to her then made that she might have the Chrysler car on paying the purchase price was in accord with the provisions of the Personal Property Law applicable. Plaintiff's counsel admitted at the trial that defendant, after the retaking, gave all the necessary notices and complied with the statute in reselling the Chrysler car; and he makes no contrary claim now. The controlling provisions of the Personal Property Law are sections 76 to 80-e, inclusive, as added by chapter 642 of the Laws of 1922, known as the Uniform Conditional Sales Act. In these sections are provisions intended to protect in full the interests of the buyer after the retaking. Section 78 provides how he may secure the right absolute to redeem the property whatever the will or intent of the seller. There is in this case no claim that the plaintiff attempted to redeem in accordance with this section. The seller defendant having complied with the Personal Property Law, the buyer plaintiff is not permitted under that act to recover the part payment. (§ 80-e.)

The judgment should be reversed and the complaint dismissed, with costs.

We disapprove of the ninth and eleventh findings of fact and the second sentence of the eighth finding.

All concur.

Judgment reversed on the law and facts and complaint dismissed, with costs. The court disapproves of the ninth and eleventh findings of fact and the second sentence of the eighth finding.