W. F. & R. BOAT BUILDERS, INC., Plaintiff, v. HELEN A. HAMMOND, as Administratrix, etc., of JOHN J. HAMMOND, Deceased.

Supreme Court. New York County, September 29, 1931.

*Mengel & Conroy* [*Carl K. Mengel* of counsel], for the plaintiff.

*Macklin, Brown, Lenahan & Speer* [*James M. Gorman* of counsel], for the defendant.

UNTERMYER, J. Plaintiff, a conditional vendor of two barges, seeks to recover a balance of the purchase price remaining due after a repossession and resale thereof. The contracts of conditional sale contain no express provision by which the vendee may be held liable for any such deficiency. Recourse must, therefore, be had to the statute in effect at the time the contracts were made (Pers. Prop. Law of 1909, § 65), rather than to the statute now in effect, to determine the extent of the defendant's liability. (*Haefelein* v. *Jacob*, 106 App. Div. 163; see Laws of 1922, chap. 642, § 3.) Unlike the present statute (Pers. Prop. Law of 1922, §§ 80-b, 80-d) that statute contains no express provision allowing the conditional vendor to recover a deficiency after resale of the chattel. It has nevertheless been held that strict compliance with the statutory requirements would entitle the vendor to recover the balance of the purchase price. (*Van Derveer & Son* v. *Canzono*, 206 App. Div. 130; *Nelson* v. *Gibson*, 143 id. 894, 898; *White* v. *Gray's Sons*, 96 id. 154, 156.) Failure strictly to comply after retaking the property would, however, clearly constitute an election to rescind the sale, precluding the vendor from asserting any claim for the balance of the price. (*Nelson* v. *Gibson, supra; Ratchford* v. *Cayuga County Cold Storage & Warehouse Co.*, 217 N. Y. 565, 569; *Ohl & Co.* v. *Standard Steel Sections, Inc.*, 179 App. Div. 637.)

By the terms of the statute which controls this case, the vendor was required to retain the property for a period of thirty days after retaking before it could be sold (Pers. Prop. Law of 1909, § 65), in order to afford the vendee a limited opportunity to redeem. The complaint alleges that the plaintiff instituted libels in the United States District Court to recover the possession of the boats; that decrees awarding possession to the plaintiff were entered on February 4, 1926; and that the boats were sold on March 1, 1926. Manifestly the plaintiff could not have secured possession of the barges until after the entry of those decrees. It thus appears affirmatively from the complaint that the plaintiff failed to comply with the statutory requirement that the property be held for thirty days after repossession and before resale. The allegation of the complaint that the vendee " abandoned " the boats while they were in the possession of the United States marshal is not the equivalent of an allegation that the plaintiff had actual possession of the boats before the entry of the decrees. The boats were in *custodia legis* while in the possession of the United States marshal during the pendency of the libel

proceedings, and his possession was not that of the plaintiff. (*Spitaleri* v. *Brown*, 163 App. Div. 644; *Crump* v. *Wissner*, Id. 47; *Sigal* v. *Hatch Co.*, 61 Misc. 332.)

Moreover, even after the default the vendor was powerless to waive the positive requirements of the statute intended for the protection of the vendee, except pursuant to a new contract upon a new consideration. (*Adler* v. *Weis & Fisher Co.*, 218 N. Y. 295.)

The motion to dismiss the complaint is accordingly granted, with leave to the plaintiff to serve an amended complaint within ten days after service of a copy of this order, with notice of entry thereof.