HARRY A. LAUFER, Doing Business under the Firm Name and Style of ROSE FURNITURE COMPANY, Appellant, *v.* TILLIE BURG-HARD, Respondent.

Supreme Court, Erie County, December 27, 1932.

*Ehrlich & Gintzler* [*John W. Ryan* of counsel], for the appellant.

*Benjamin N. Schaffer*, for the respondent.

LYTLE, J. In an action in replevin brought in the City Court of Buffalo by the plaintiff, as seller, against the defendant, as buyer, the plaintiff was awarded possession of the goods on account of the defendant's default under a conditional sales contract, and the court awarded the defendant a money judgment against the plaintiff for a portion of the purchase price paid by the defendant to the plaintiff, prior to the defendant's default under said contract.

The plaintiff appeals from that portion of the judgment which awards the defendant a money judgment against the plaintiff. The defendant has not appealed from the judgment awarding the plaintiff the possession of the chattels and the defendant's time to appeal from said judgment has expired.

It appears that the plaintiff, on or about December 5, 1931, sold to the defendant on a conditional sales contract certain articles of furniture for the sum of $515.39, and the plaintiff delivered said articles of merchandise to the defendant upon an agreement for the conditional sale thereof, wherein and whereby it was mutually agreed that the title to said chattels should be and remain in the plaintiff until the full sum of $515.39 had been paid to him by the defendant; that payments of $6 per week were agreed to be made by defendant to plaintiff on account of such purchase price until the whole thereof had been paid, and in case any such weekly payment was not made when the same was payable, plaintiff might retake said chattels from defendant's possession.

The weekly installments, by mutual agreement, were reduced to $5 a week. The defendant paid on account of the purchase the initial payment of $100 and in subsequent installments the sum of $72.39. The last installment was paid on March 9, 1932, and the defendant defaulted in making subsequent installments, leaving unpaid on account of the purchase price the sum of $343.

On April 14, 1932, the plaintiff demanded of the defendant possession of said merchandise but the defendant refused to give, deliver up or surrender to the plaintiff possession thereof, and on April 18, 1932, the plaintiff commenced an action of replevin in the City Court of Buffalo and retook the property under a requisition in replevin issued out of said court.

The defendant, in her answer, admitted that " the plaintiff was

and still is the owner of all the personal property fully stated, described and set out in the affidavit of said plaintiff which affidavit formed a part of the replevin proceeding heretofore taken," and further admitted " that she has paid the sum of $172.39," and further " that the unpaid amount is $343."

The answer also contains a defense to the effect that by a further agreement, the weekly installments were reduced to three dollars a week and that the plaintiff refused to accept the reduced installments when the same were duly tendered.

The answer contains a counterclaim in the amount of $500, which included said sum of $172.39 paid by the defendant to the plaintiff on account of the articles of furniture " and the balance being for great humiliation suffered by this defendant, discomfort for herself and children and the inability to furnish her home."

Upon the trial of the action the court below found there was no reduction of the installments to three dollars per week and that the defendant defaulted in making the payments pursuant to the agreement or contract of the parties. The court awarded to the plaintiff possession of the property, thereby recognizing the legal right of the plaintiff to retake the property from the defendant.

Upon this appeal the principal question presented by the determination of the court below is whether the seller of property by conditional sale is liable for any portion of the purchase price paid him, where he retakes possession of the property on default of the buyer, and resells the same in accordance with the statute.

The determination of the court below compels the seller, on retaking of the property on the buyer's default, to restore to the buyer the amount paid on the purchase price less the reasonable value of the use of the property and damages for deterioration outside of natural wear and tear. The buyer was permitted to recover the payments made, $172.39 less damages, $100, sustained by the seller, amounting to $72.

The determination of the rights of the parties in this action is important on account of the interests of the parties herein and also on account of the magnitude of the business development in this State by means of conditional sales contracts. The sale of chattels on such contracts enables the buyer to enjoy the immediate use and possession of the property. Such contracts secure the sale of property on small payments, either at the time of sale or subsequently, and the title to the goods remains in the seller until payment of the price. The buyer is entitled to the possession and use of the property until default in payment.

To permit the buyer, on his own default, to recover a portion of the purchase price would work a revolution of the business

methods long established in the merchandising of chattels or goods on credit basis.

The right of the defendant to the judgment awarded to her by the court below cannot be sustained in the absence of statute or special provisions in the contract between the parties.

Under the provisions of the contract between the parties there is no duty or obligation on the part of the seller to repay or to account to the buyer for the purchase price paid, or any portion thereof, upon the default of the buyer and a retaking by the seller on account of the default.

Under the common law, prior to the enactment of the Uniform Conditional Sales Act, the seller was under no obligation upon the retaking of the goods on buyer's default to make return of partial payments or any part thereof.

In *Haynes* v. *Hart* (42 Barb. 58), decided in 1864, the court said: " The law will not allow a party who is wholly in default to recover back money paid in part performance of an executory agreement, who has afterwards broken it, and refused to go on and perform the residue. (*Green* v. *Green*, 9 Cowen, 46; *Battle* v. *The Rochester City Bank*, 3 Comst. 88.) In the last case cited it was, as in this case, part of the agreement that in case of default by the purchaser in making payments the vendor might at his election rescind the contract. The vendor did rescind for that reason, and it was held by the Court of Appeals that the purchaser could not recover. The plaintiff cannot recover on the ground of his own breach of the agreement; and the contract does not provide for a repayment of the money paid in part performance, in case of a rescission according to the stipulations of the contract. Nor will the law imply a promise in such a case. To allow the plaintiff to recover back the purchase money paid, in case like this, would be to offer an inducement to a purchaser to violate his agreement. It would give him the use of the canal boat for a year without compensation, and put it wholly in his power to perform or not at his pleasure. I think no case can be found where a purchaser has been allowed to recover back partial payments after a default in making further payments, when the vendor has merely kept the property agreed to be sold, or sold it to another, in consequence of such default. In order to entitle a purchaser to recover under such circumstances he must show that the other party has been guilty of some breach on his part, or of some act in hostility to the contract. Here the party fails to get the property bargained for, because he neglected and refused to pay the purchase price, and the owner takes it as he would have had the right to do, without any such provision in the agreement. But the plaintiff or his assignee

expressly agreed he might take it in case of a default, and there the contract ends. There is no promise for paying back, and there can be no recovery without, in such a case."

It follows, therefore, that the right of the defendant to the recovery allowed by the court below must be found in the provisions of the " Uniform Conditional Sales Act " (Pers. Prop. Law, art. 4), which with some amendments has been in effect since September 1, 1922. The Personal Property Law in regard to conditional sales was enacted for the benefit of the purchasers of property under such contract, and the requirements of that act for a resale of the property on a retaking thereof on default of the buyer cannot be waived. The provisions of the statute enacted for the protection of the buyer cannot be waived either in the contract, or in the notes given for the purchase price, or after the buyer is in default. (*Freeman* v. *Engel*, 185 App. Div. 218; *Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Adler* v. *Weis & Fischer Co.*, 218 id. 295; *W. F. & R. Boat Builders* v. *Hammond*, 142 Misc. 323.)

The statute, by sections 77 and 78 of the Personal Property Law, allows and permits the buyer a reasonable time in which to prevent a forfeiture of the amount paid, on account of his default.

Where the buyer defaults, the seller not more than forty nor less than twenty days prior to the retaking of the goods, may serve upon the buyer notice of intention to retake the goods. Said notice shall specify the default and the period at the end of which the goods will be retaken, and if the buyer fails to comply with his obligations under the conditional sales contract, the seller may retake possession of the property " but without any right of redemption."

If the seller does not give the notice of intention to retake on account of the buyer's default, the seller must retain the goods for ten days after the retaking, during which period the buyer, upon performance of his obligations under the contract, may redeem the property and become entitled to take possession of them as if no default occurred.

The seller served no notice of intention to retake the goods, but retook them in accordance with sections 76 and 78 of the Personal Property Law. The buyer failed to redeem the property within ten days after the retaking. The defendant had the opportunity to relieve herself from the default upon complying with the terms of the contract within the ten-day period allowed for redemption by section 78 of the Personal Property Law. A redemption would have prevented a forfeiture of the payments made and would have restored to the defendant the possession

of the property and right to continue in the performance of the contract as if no default had occurred.

The forfeiture of the payments made by the defendant results from the failure on her part to redeem after default, and not because of any breach of duty on the part of the plaintiff either under the contract or provisions of the statute.

The statute makes further provisions for the protection of the buyer after the goods are retaken and not redeemed. A conditional seller who has retaken the property on default of the buyer is required in all cases to resell the property in the manner provided by statute, unless redeemed by the buyer, in accordance with its provisions where the buyer has paid fifty per cent or more of the purchase price, without any demand to do so, and in all other cases he must do so on demand of the buyer. Where the amount unpaid exceeds fifty per cent of the purchase price, a resale is not compulsory unless written notice demanding the resale is served by the buyer upon the seller within ten days after the retaking. The seller may voluntarily resell the goods for account of the buyer on compliance with the requirements for compulsory sale.

The proceeds of the resale shall be applied, *first*, to the payment of the expenses thereof; *second*, to the payment of the expenses of retaking, keeping and storing the goods, and, *third*, to the satisfaction of the balance due under the contract.

If there be any balance due upon the purchase price, after the application of the money as aforesaid, the seller may recover the deficiency from the buyer.

Where there is no resale, the seller may retain the goods as his own property without obligation to account to the buyer except as provided by section 80-e, and the buyer shall be discharged of all obligations (§ 80-c).

Under section 80-e, the buyer may recover from the seller his actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract, with interest in the event the seller fails to comply with sections providing for the redemption privilege of the buyer, compulsory resale by the seller, resale at option of the buyer or seller, application of the proceeds from resale and rights of the parties where there is no resale, which relieves the buyer from all obligation under the contract.

The Uniform Conditional Sales Act provides ample remedy to do justice to the buyer if the retaken property has a value which at resale produces more than is required for the reimbursement of the seller. The court below erred in attempting to substitute

its own theory of legal right, its own remedy, its own procedure anticipatory of the rights and remedies prescribed by statute.

The court having determined that the retaking of the property was justified under the law, could not anticipate that the purchaser shall suffer some money damage by reason of the retaking. Seller's failure to comply with provisions of statute applicable after the retaking of the property would render the seller liable under section 80-e of the Personal Property Law.

Seller's failure to comply with provisions of the law applicable to his duties after the retaking of the property was not and could not be in issue for the defendant was challenging the right of the plaintiff to retake the property.

A retaking of the property by a conditional vendor is not a rescission of the contract so as to require the vendor to place the buyer in a former position and return the consideration received under the contract. (*Interstate Ice & Power Corp.* v. *United States Fire Ins. Co.*, 243 N. Y. 95.)

There is no precedent in this State for the determination of the court below.

In *Jenkins* v. *Blackstone Motor Company, Inc.* (216 App. Div. 583; affd., 243 N. Y. 651) the defendant repossessed itself on August 20, 1924, of a Chrysler car purchased by the plaintiff on August 15, 1924, for the sum of $2,268, on which plaintiff paid $800.04 on delivery and promised to pay in monthly installments of $122.33 until the purchase price was paid, on the grounds (1) that " the plaintiff was not known by, and had not done business with, those persons she named to support her credit as ' persons with whom I have done business; ' " (2) that the insurance company refused longer to carry the risk, and (3) " she took the car out of the state without ' written permission.' "

The action was tried at the Broome County Equity Term and the trial court found that the defendant had made false representations to induce the contract, but this finding of fact was reversed in the Appellate Division and the appellate court held that the plaintiff was not entitled to recover the initial payment of $800.04, saying (216 App. Div. 587): " No complaint is made of any unfair or wrongful act on the part of the defendant after the retaking, unless it be its refusal to deliver to plaintiff on her demand the Chrysler car, or, failing that, the Jewett car and the $50. Its offer to her then made that she might have the Chrysler car on paying the purchase price was in accord with the provisions of the Personal Property Law applicable. Plaintiff's counsel admitted at the trial that the defendant after the retaking, gave all the necessary notices and complied with the statute in reselling the Chrysler car;

and he makes no contrary claim now. The controlling provisions of the Personal Property Law are sections 76 to 80-e, inclusive, as added by chapter 642 of the Laws of 1922, known as the Uniform Conditional Sales Act. In these sections are provisions intended to protect in full the interests of the buyer after the retaking. Section 78 provides how he may secure the right absolute to redeem the property whatever the will or intent of the seller. There is in this case no claim that the plaintiff attempted to redeem in accordance with this section. The seller defendant having complied with the Personal Property Law, the buyer plaintiff is not permitted under that act to recover the part payment. (§ 80-e.)

" The judgment should be reversed on the law and facts, and the complaint dismissed, with costs."

In view of my determination that the defendant was not entitled to recover the partial payments, it is unnecessary to this decision to pass upon the further question raised· by the appellant, that the City Court had no equity jurisdiction to grant affirmative relief in the form of a money judgment on the counterclaim. (N. Y. State Const. art. 6, § 18; City Court Act, § 18.) The defendant had no valid counterclaim in law or in equity.

That portion of the judgment of the City Court, therefore, awarding the defendant a money judgment against the plaintiff on the counterclaim must be reversed and the counterclaim must be dismissed, without costs.