## CHARLES BLUM ADVERTISING CORPORATION v. L. & C. MAYERS CO., Inc.

### No. 10067.

District Court, E. D. Pennsylvania.
Dec. 2, 1938.

Arthur E. Paige and Frank E. Paige, both of Philadelphia, Pa., for plaintiff.

Julius C. Baylinson, of Philadelphia, Pa., and A. C. Nolte and James N. Catlow, both of New York City, for defendant.

DICKINSON, District Judge.

This motion is brought under Rule 56 of the new Rules of Procedure, 28 U.S.C.A. following section 723c. They are meant to simplify and shorten legal controversies by substituting a new method of procedure for those formerly in use.

This is a Bill in Equity of the type familiar to the Patent Bar. All the controversies evoked by it can be, so far as this Court is concerned, disposed of finally at a Trial Hearing. Any Bill under the old Rules of Procedure was subject to a motion to dismiss. Equity Rule 29, 28 U.S.C.

A. following section 723, relates to this. The procedure before that was to demur. The then new Equity Rule gave to defendant the option of a motion to dismiss or of raising the same question by way of Answer. Demurrers and Pleas were "abolished". Thereafter these words were lost to the literature of law and the words dismiss and answer came into vogue. Whether Clause (d) of Rule 56 enlarges the effect of the old Rule to dismiss is yet to be learned. Admittedly the Bill in this case avers a cause of action in Equity. Consequently it is not open to successful attack by a demurrer under the oldest practice, by a motion to dismiss under Rule 29 of the New Equity Rules, nor we assume by a motion for summary judgment under Rule 56 of the New Rules of Procedure.

The defendant however addressed interrogatories to the plaintiff who made answers thereto. The position of the defendant is that the answers to these interrogatories became incorporated with the Bill, and the Bill as thus in effect amended, discloses no cause of action. The Bill rests upon a Patent issued to the predecessor of the plaintiff. It is for an advertising order sheet so made that the advertising part may be separated by the prospective purchaser, from the order sheet, and the latter folded in such a way as to form an envelope for mailing, addressed to the seller, containing the order, and so folded as to form a pocket in which currency or a check can be placed.

Further utility is claimed in economy in the use of dies in cutting out the device.

The defendant put out an advertising pamphlet attached separately to an order sheet which was designed to be so folded as to form a self addressed envelope and containing also a pocket in which currency or a check could be placed. The plaintiff avers this pamphlet to be an infringement of Claim 1 of the Patent in suit. The position of the defendant is that this pamphlet in and of itself is not an infringement, and as it is the only charge of infringement which appears on the face of the pleadings, as amended by the answers to interrogatories, summary judgment should be entered for the defendant and the Bill dismissed.

We are not in accord with this position of the defendant. It is unnecessary to decide whether an answer to interrogatories has the effect of an amendment of the Bill.

The present motion cannot be allowed for the reason that infringement is a fact to be found under all the evidence which may be introduced at the trial. We cannot make that fact finding now. It may be that after all the evidence is before us that the fact will turn upon the question of whether the pamphlet is in and of itself an infringement. All which could now be decided is the if proposition that if there is no other evidence than the issuance of this pamphlet, can infringement be found? We do not think Clause (d) of Rule 56 sanctions any such piecemeal judgments. The Bill avers infringement. It is true that the answer to the interrogatories would justify the inference that at the time of answer the plaintiff had no knowledge of other instances of infringement, if this pamphlet be one.

Plaintiff, however, is far from admitting that the issuance of this pamphlet is the only act of infringement. Indeed it has entered interrogatories inviting, at least, the defendant to confess to other acts of infringement. The defendant may or may not accept of this invitation.

The motion for summary judgment under Rule 56 is denied.