## VAN WORMER v. CHAMPION PAPER & FIBRE CO.
### No. 1004.

District Court, S. D. Ohio, W. D.
Aug. 14, 1939.

Walter F. Murray, of Murray, Sackhoff & Paddack, of Cincinnati, Ohio, for plaintiff.

Marston Allen, of Allen & Allen, of Cincinnati, Ohio, for defendant.

NEVIN, District Judge.

This is a suit in equity brought under the patent laws of the United States. The pleadings consist of plaintiff's amended bill of complaint filed March 17, 1937, and defendant's answer thereto filed April 30, 1937, as amended January 12, 1938.

814

The patent in suit is No. 1,947,748 granted February 20, 1934, to George Van Wormer, Hamilton, Ohio, plaintiff herein, for "Paper Cleaning Machine". Plaintiff alleges (and defendant denies) that he is the sole owner of the letters patent.

In his amended bill he charges defendant with infringement and prays for an injunction and an accounting. In its answer, defendant denies infringement and claims that the patent is invalid for the reasons set forth in its answer, as amended.

On February 23, 1939, defendant, through its counsel, Messrs. Allen & Allen, filed a "Motion for Summary Judgment in favor Defendant". That motion reads as follows: "Now comes the Defendant, by its attorneys, and presents to the Court the affidavit of Marston Allen together with the exhibits attached thereto, and respectfully submits to the Court that on the affidavit, the depositions and the pleadings, no infringement of Plaintiff's patent in suit exists as charged in the Bill of Complaint, and it therefore asks that a summary judgment be entered in the above cause in favor of the Defendant and in conformity with Rule 56 of the Rules of Civil Procedure [28 U.S.C.A. following section 723c.]"

At the same time the foregoing motion was filed the affidavit of Mr. Allen, therein referred to, was also filed.

The cause is now before the court on the foregoing motion, the pleadings, the affidavit of Mr. Allen and the documents referred to therein. On March 4, 1939, counsel for the respective parties presented their oral arguments to the court for and against the motion. These arguments were reported and thereafter transcribed.

The patent in suit contains 3 claims. In response to an inquiry by the court, counsel for defendant stated that all 3 claims are in issue "so far as this motion is concerned". However, as appears in the same record, counsel for defendant made the following statements with respect to the claims: "Mr. Murray: Your Honor, I think that claim 1 is the claim that I will rely on at the final hearing, and I will address my remarks, when I have a chance to say something, to that proposition. * * * At this time I am not willing to say that when we have before the court a full description of defendant's machines I may not rely upon claims other than claim 1, but for the purpose of the argument now

I will rely on claim 1 as being infringed by both of the defendant's devices."

It is agreed that the question of validity is not before the court on the present motion. In their brief counsel for defendant say: "The record before the Court is not complete on the point of validity, the motion does not bring this point to the attention of the Court." That counsel for plaintiff agree with this view is shown by the following in the Record:

"The Court: I mean the question of the validity of this patent I understand is not before the court now.

"Mr. Murray: No. But the question is, on infringement, what is the essence of Van Wormer's invention, and that is the reason I am referring to that, Your Honor, to say that the essence of the Van Wormer invention is the utilization of brushes of hog bristle rotating in the same direction as the paper which it is cleaning."

The sole question presented, therefore, is the one of infringement. It is the claim of defendant that, as alleged in the motion, that "no infringement of Plaintiff's patent in suit exists as charged in the Bill of Complaint" and "the issue as to whether the claims were infringed was in this case a pure matter of law and not a matter involving any facts * * * (there is) "no disputed issue of facts". With this claim, however, plaintiff does not agree. Counsel for plaintiff stated: "We will submit evidence, Your Honor—we intend to—to show that this machine, while we have not the exhaust shown exactly as it is there, that it has an air inlet, an exhaust fan, means for exhausting the air through there, and in passing from the inlet to the exhaust that air goes across the paper and takes the lint, etc., that is picked off by the brushes out of the machine. I submit, Your Honor, that there is here a substantial question of infringement and that the record should be made complete before Your Honor passes on the question."

Plaintiff further submits: "The two machines of the defendant, viz.; one shown in Plaintiff's Exhibits 2 and 5, and the other in Plaintiff's Exhibit 3, employ brushes of hog bristles, which contact the opposite sides of the paper, and are rotated in the direction in which the paper is moved through the machine. In these two facts the defendant's devices follow the teachings of Van Wormer, and not that of the prior art. It is submitted therefore that there are substantial questions of in—

fringement of plaintiff's claims by these two machines, and that the question of validity and infringement should not be decided upon a motion for summary judgment."

In support of his contentions counsel for plaintiff cites the following two cases: Refractolite Corporation v. Prismo Holding Corporation et al., D.C., 25 F.Supp. 965, 40 U.S.P.Q., page 35; Charles Blum Advertising Corporation v. L. & C. Mayers Company, Inc., D.C., 25 F.Supp. 934, 40 U.S.P.Q., page 64.

In the Refractolite case Judge Coxe says: "The issues involve the validity and alleged infringement of two unadjudicated patents, and such questions can only be adequately determined after a trial."

In the Blum Advertising case Judge Dickinson finds and states as follows 25 F.Supp. at page 935, 40 U.S.P.Q. at page 65: "The present motion cannot be allowed for the reason that infringement is a fact to be found under all the evidence which may be introduced at the trial. We cannot make that fact finding now. * * * We do not think Clause (d) of Rule 56 [28 U.S.C.A. following section 723c] sanctions any such piecemeal judgments."

Upon a consideration of the motion and the documents therein referred to, together with arguments of counsel and the applicable law, the court is of the opinion that the motion for summary judgment in the instant case is not well taken, and that it should be, and it is, denied. An order may be drawn accordingly.