388

## LIP LURE, Inc., v. BLOOMINGDALE BROS., Inc., et al.

District Court, S. D. New York.
Oct. 26, 1939.

Howard S. Neiman, of New York City (Edward T. Kelly and Clarence W. Archibold, both of New York City, of counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (Carl E. Ring, of New York City, of counsel), for defendants.

CONGER, District Judge.

The defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, claiming that as a matter of law the plaintiff has no valid rights in the trademark "Lyptone" (the trademark "Lip Lure" is not involved in this action).

. Four defenses are urged for the dismissal of the complaint with respect to "Lyptone". It is claimed that the undisputed facts establish the defendant's four defenses, any one of which, if proven, is sufficient to dismiss the complaint. The defenses raised are:

1. That the plaintiff did not buy and did not intend to buy and continue the bus-iness of Woelbing as a going concern and hence acquired no rights in the trademark or good will of the defendant's business, and that the assignment to the plaintiff is invalid.

2. That the plaintiff has abandoned the use of the business and the use of the trademark in the only business and on the only product on which the trademark had ever been registered or used.

3. That the plaintiff is using the trademark on a product made under a different formula than that which it acquired with the trademark, and injunctive relief in such a case is forbidden by all the authorities, and

4. That the plaintiff has falsely advertised its trademark and is entitled to no relief.

■ The court has read the papers pro and con, as well as the authorities cited, and has reached the conclusion that this case should await trial rather than be terminated by a summary disposition. Generally, motions for summary judgment have been denied in patent cases. See Oltarsh v. Goodyear Fabrics Corp., D.C.S.D. N.Y., 30 F.Supp. 265, Mandelbaum, J., decided September 12, 1939. I think that this rule is equally applicable to cases involving trademark infringement.

■ Without discussing each of the defenses separately, the court is of the opinion that issues of fact have been presented with respect to every one of the four defenses raised. For example, an issue to be determined on the trial is, "Was the sale from Woelbing to the plaintiff one of a going business with the trademark as an incident thereto, or was it merely a transfer of the trademark alone, the rest of the transaction being merely a sham?" Another issue involves the contention that the plaintiff abandoned the trademark. Was the change in the formula for chapped lips, to lipstick, merely a change in the class of the product, which under the authorities is not an abandonment of the trademark? This, too, in the opinion of the court, is an issue of fact which requires formal proof and should not be decided on papers.

I have come to the conclusion that, as to all the issues mentioned in the moving papers herein, there are questions of fact involved—questions which should be de-

cided by a trial court. In addition thereto, there are other issues involved in the trial of this action which are not the subject of objection here.

Under all the circumstances, the Court feels that the motion for summary judgment should be denied. Submit order on notice.