## WAVERLY, SAYRE & ATHENS TRANSP. CO. v. GENERAL MOTORS TRUCK CO. et al.

### No. 389 Civil.

District Court, M. D. Pennsylvania.

Dec. 31, 1940.

286

Becker & Mossew, of Endicott, N. Y., and Israel T. Klapper, of Hazleton, Pa., for plaintiff.

Sachs & Caplan, of Pittsburgh, Pa., and Mills & O'Connor, of Sayre, Pa., for defendants.

JOHNSON, District Judge.

This is an action by a conditional buyer, brought pursuant to section 25 of the Pennsylvania Uniform Conditional Sales Act, 1925 Pa.P.L. 603, 69 P.S.Pa. § 361 et seq., to recover from the conditional seller and its assignee one-fourth of the sum of all payments made by plaintiff under a conditional sales contract for the sale and purchase of certain busses. Plaintiff's right to recover is predicated upon allegations that the conditional seller, or its assignee, upon default in payments by the conditional buyer, retook possession of the busses and resold them without complying with the sections of the Uniform Conditional Sales Act concerning resale. Such noncompliance entitles the conditional buyer to the recovery here sought. The answers of conditional seller and its assignee assert waiver by the buyer of the provisions of the Act for resale, and counterclaim pursuant to section 22 of the Act, 69 P.S. Pa. § 457, for a deficiency owing from the buyer after resale. The matters now for disposition are motions of plaintiff to strike off the counterclaim and for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

Both motions must be denied for the same reason, hereafter set forth, and they will, therefore, be disposed of together.

■ Section 26 of the Conditional Sales Act, 69 P.S.Pa. § 461, provides that any waiver of the provisions for resale by the conditional buyer before or at the time of making the conditional sales contract, or any waiver in said contract, shall not be valid. This section has not been construed or applied by the courts of Pennsylvania, but courts of other states having in force the Uniform Conditional Sales Act have clearly interpreted this section. There can be no valid waiver by the buyer of the positive requirements of the Act for resale of repossessed goods, either by a stipulation in the conditional sale agreement or by waiver before, at or after default in payment by the conditional buyer. The provisions for resale are clear and positive, are there for the protection of conditional vendees from oppression by their vendors, and cannot be waived generally: Maggioros v. Edson Bros., N.Y.Sup.Ct., 164 N.Y.S. 377; Fisher v. Stewart Motor Corporation, 132 Misc. 225, 228 N.Y.S. 549; Adler v. Weis & F. Co., 218 N.Y. 295, 112 N.E. 1049; Laufer v. Burghard, 146 Misc. 39, 261 N. Y.S. 364; Crowe v. Liquid Carbonic Co., 208 N.Y. 396, 102 N.E. 573; Nordone v. F. C. Austin Drainage Excavator Co., 184 App.Div. 309, 171 N.Y.S. 725; W. F. & R. Boat Builders v. Harman, 142 Misc. 323, 253 N.Y.S. 706; 83 A.L.R. 971 and cases there cited.

■ One exception has been established. Where, upon default, the parties to a conditional sales contract enter into an agreement for the settlement of their rights for a new consideration passing between the parties, the provisions of the Act against waiver no longer apply: Fisher v. Stewart Motor Corp., 132 Misc. 225, 228 N.Y.S. 549, and cases there cited; Seeley v. Prentiss Tool & Supply Co., 216 N.Y. 687, 110 N.E. 1049; Boschen v. Multicolor Sales Co., 98 Misc. 637, 163 N.Y.S. 202; Uniform Conditional Sales Act Annotated, Vol. 2a, sec. 142; 83 A.L.R. 971 and cases there cited.

■ Defendants in these motions contend a new contract arose here for new consideration passing between the parties. Upon the affidavits in support of plaintiff's motion and the counter-affidavits in opposition thereto, several material questions of fact are raised: Did plaintiff agree to a private sale? What were the terms of such agreement? Was there a new and valid consideration passing between the parties? Of what did this consideration consist? No clear and undisputed answers to these questions of fact are found in the pleadings and affidavits filed. Summary judgment is to be granted where there is no dispute as to any material fact: Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Where there is

dispute of a material fact, summary judgment will not be granted: Nickelson v. Nestles Milk Products Corp., 5 Cir., 107 F.2d 17; Lip Lure v. Bloomingdale Bros., D.C., 30 F.Supp. 388; Ottinger v. General Motors Corp., D.C., 27 F.Supp. 508; Banco De Espana v. Federal Reserve Bank of New York, D.C., 28 F.Supp. 958; Van Wormer v. Champion Paper & Fibre Co., D.C., 28 F.Supp. 813; Sonken-Galamba Corp. v. Atchison, T. & S. F. R. Co., D. C., 28 F.Supp. 456; Boerner v. United States, D.C., 26 F.Supp. 769; 18 Hughes Federal Practice, § 25212.

Also, decision on the sufficiency of defendant Yellow Truck & Coach Company's counterclaim as pleaded, depends on the outcome of the above stated questions of fact. What answers ultimately appear to those questions will determine what defendant must plead to present a prima facie proof of its counterclaim. It is not possible with the present record to grant the motion to strike off the counterclaim. It will therefore, be denied.

It is therefore ordered, for the foregoing reasons, that the motions of plaintiff for summary judgment and to strike the counterclaim of defendant Yellow Truck & Coach Manufacturing Company be, and the same are hereby, denied.