Per Curiam.

The material facts in this action are not in dispute. On June 22, 1962, defendants purchased various supermarket store fixtures from plaintiff under a conditional sales contract. Payments totaling more than $36,000 (representing approximately 56% of the original purchase price of $63,490.19) were made by defendants up to September 29, 1965, at which time they assigned their assets for the benefit of creditors.
Pursuant to a court order and after newspaper publication thereof, on October 7,1965, an auction sale of defendants ’ assets was held by the assignee. At this sale, plaintiff (the conditional vendor itself) purchased defendants’ interests in the subject store fixtures for the sum of $100 (subject, of course, to its own conditional sales contract, upon which there was then an unpaid balance of $27,408).
Thereafter, on December 5, 1965, plaintiff resold this equipment to a third party for the sum of $15,750. It is conceded that no notice of this resale was given to defendants. Plaintiff then instituted this action against defendants to recover a $10,000 deficiency, the difference between the amount still unpaid at the time of default and the amount of the resale. This represented the maximum recovery permitted by the jurisdictional limitations of the Civil Court of the City of New York.
In addition to a general denial, defendants’ answer set forth an affirmative defense to the effect that plaintiff had failed to give them ‘ ‘ the notice required by law of the sale referred to in the complaint, and by reason thereof, defendants are free of liability ’ ’. The court below accepted such defense, granted summary judgment in favor of defendants, resulting in the pending appeal here.
Appellant argues that respondents, by virtue of their assignment for benefit of creditors, were not entitled to notice of its resale to the third party. It is appellant’s contention that the assignee’s public auction sale, held on notice prior to the subject resale, had already fulfilled the notice requirements of the then applicable section 79 of the Personal Property Law. This argu *453 ment. was expressly rejected by the court below and we are in complete accord.
In our opinion, there can be little doubt that when appellant “ purchased ” its own equipment at the assignee’s sale (or such interests therein as the assignee could convey), this, in effect, accomplished nothing more than the repossession contemplated by section 79 of the Personal Property Law. Consequently, all of the rigid requirements of notice of resale set forth in this statute, among other matters, then became effective and binding upon appellant.
Pursuant to such statute, a conditional vendor who resells, repossessed equipment is required to give the original vendee notice of the contemplated resale by various means specifically enunciated therein. As above stated, appellant conceded no such notice was given to respondents. Consequently, this failure, as found below, resulted in the discharge of respondents from all further obligation to appellant. (Manufacturers Hanover Trust Co. v. Goldstein, 25 A D 2d 405, modfg. 45 Misc 2d 900.)
Contrary to appellant’s contention, although respondents had notice of the assignee’s sale, this, in our opinion, is not the sale intended by section 79. As succinctly stated, in part, by Judge Whitman below: “ Plaintiff’s foreclosure sale is the sale contemplated by Section 79 of the Personal Property Law, not the assignee’s sale. The assignee’s sale was not a sale of goods at all but purported to be (and could not be anything else but) a sale of the buyer’s interest in the goods.” (Italics added.)
We do not find any legal support for appellant’s argument that section 79 does not apply where there has first been an assignment for the benefit of creditors. Concededly, such assignment constituted a breach of contract and, pursuant to the terms thereof, plaintiff could then repossess all or part of the subject property. Furthermore, this contractual right of repossession could not be impaired by the subsequent insolvency proceedings inasmuch as the assignee for the benefit of creditors merely took such interest in the property as could have been conveyed to him by the debtors-assignors [respondents] (Matter of Pellegrini, 248 App. Div. 526; Matter of Hershcopf Food Corp., 160 N. Y. S. 2d 695). In fact, the machinery may not be ‘ ‘ property ’ ’ of the debtor within the Uniform Conditional Sales Law (see Matter of Lake’s Laundry, 79 F. 2d 326, cert. den. 296 U. S. 622).
Thus, it appears that, in reality, there was no need for appellant to “ purchase ” its own equipment at the assignee’s sale for $100. It had the legal right to step in and repossess these fixtures without any bid or payment therefor. The mere fact that it chose not to do so. should not now permit it to circumvent *454 and defeat the entire structure of the applicable laws enacted for the protection and benefit of a conditional vendee by simply bidding a nominal sum of $100 against its own lien of more than $27,000.
It is to be noted that while the assignee’s sale was subject to appellant’s lien, thus effectively precluding any bid other than appellant’s nominal one, the latter foreclosure sale, conducted free of such lien, commanded a far higher price. In this respect, respondents’ right of redemption, their statutory privilege of preventing a forfeiture of the amount paid by them prior to their default (e.g., Personal Property Law, §§ 77, 78, then in effect) and their right to minimize any deficiency which may have been assessed against them after a proper resale by the conditional vendor are “ interests ” which were never relinquished or forfeited by them. These “ interests ”, therefore, are entitled to all of the protection afforded by the applicable provisions of the Personal Property Law, including section 79 thereof (see Bankers Trust Co. v. Terll, 35 Misc 2d 835, 837; see, also, Laufer v. Burghard, 146 Misc. 39, 43).
Appellant, in support of its position that the notice of resale to respondents was not required, has also cited 78 Corpus Juris .Secundum (Sales, § 601, subd. c, par. [1]). Unlike applicable New York law, however, this cited section expressly deals only with jurisdiction having no “notice” requirements. Significantly, the section following the cited matter (i.e. 78 C. J. S. Sales, § 601, subd. c, par. [2]) refers to those jurisdictions, similar to New York, with statutory regulations concerning notice of resale. This latter section makes it abundantly clear that failure to give the prescribed statutory notice results in the absolute discharge of the conditional vendee from all further obligation, as found below. (Laufer v. Burghard, supra; Capitol Dist. L. A. W. Corp. v. Blake, 136 Misc. 651.)
Similarly, appellant’s novel assertion that the assignee was respondents’ agent is unsupported in law. In a properly conducted sale by an assignee for the benefit of creditors, the latter, in effect, acts as a trustee rather than as agent for either the debtor or any particular creditor (see Matter of Doll Eyes, N. Y. L. J., Nov. 29, 1965, p. 17, col. 4).
In recapitulation, it is our opinion that appellant, having resold the subject property without giving respondents the notice required by section 79 of the Personal Property Law was properly precluded by the court below from recovering any alleged deficiency from them. The order should be affirmed, with $10 costs.